1  James W. Hunt – SBN 122582
   Christopher S. Hickey – SBN 198938
2  **FITZPATRICK & HUNT,**
   **TUCKER, COLLIER, PAGANO, AUBERT, LLP**
3  633 West Fifth Street, 60th Floor
   Los Angeles, CA 90071
4  Tel.:  (213) 873-2100
   Fax:  (213) 873-2125
5  james.hunt@fitzhunt.com
   christopher.hickey@fitzhunt.com
6
7  Attorneys for Defendants
   SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT SERVICES,
8  INC.; and UNITED TECHNOLOGIES CORPORATION

9              **UNITED STATES DISTRICT COURT**

10           **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  DOMINIC FONTALVO, a minor, by       | Case No.  **'13 CV0331 GPC KSC**
    and through his Guardian ad litem,  |
13  NORMA FONTALVO, individually and    | Judge:
    as successor in interest to Alexis  |
14  Fontalvo, deceased,                 |

15                       Plaintiffs,    | **DEFENDANTS' NOTICE OF**
                                        | **REMOVAL OF CIVIL ACTION**
16  vs.                                 | **UNDER 28 U.S.C. §§ 1331, 1332, 1441**
                                        | **AND 1442(a)**
17  SIKORSKY AIRCRAFT                   |
    CORPORATION; SIKORSKY               | **[DIVERSITY OF CITIZENSHIP;**
18  SUPPORT SERVICES, INC.; UNITED      | **FEDERAL OFFICER; AND**
    TECHNOLOGIES CORPORATION;           | **FEDERAL QUESTION]**
19  G.E. AVIATION SYSTEMS, LLC;         |
    DUPONT AEROSPACE CO.; DUPONT        | [Removal from Superior Court of
20  DE NEMOURS AND COMPANY LLC;         | California for the County of San Diego,
    E.I. DUPONT DE NEMOURS AND          | Case No. 37-2013-00031864-CU-PL-
21  COMPANY; PKL SERVICES INC.; and     | CTL]
    DOES 1 through 100, Inclusive,      |
22                                      | Complaint Filed:  January 25, 2013
                                        |
23                      Defendants.     |

24

25

26  ///

27  ///

28  ///

_____

NOTICE OF REMOVAL                                  CASE NO.

                             1

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Sikorsky Aircraft Corporation (hereinafter "Sikorsky"), pursuant to 28 U.S.C. § 1441, remove to this Court the state action described below, which is properly removed under 28 U.S.C. §§ 1331, 1332 and 1442.

## I.    PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

On January 25, 2013, plaintiffs Dominic Fontalvo, by and through his Guardian ad litem Norma Fontalvo, and Norma Fontalvo, as successor in interest to Alexis Fontalvo, deceased (collectively, "Plaintiffs"), filed an action in the Superior Court of California, County of San Diego, Case No. 37-2013-00031864-CU-PL-CTL,  naming Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., United Technologies Corporation, G.E. Aviation Systems, LLC, Dupont Aerospace CO., Dupont De Nemours and Company, LLC, E. I. Dupont De Nemours and Company, and PKL Services, Inc. as defendants.  Complaint is attached hereto as Exhibit A.

As of the date of the filing of this removal petition, defendant is informed and believes that Plaintiffs have failed to serve any of the defendants with process or the Complaint in this action.  Defendant Sikorsky obtained a copy of the Complaint from the Superior Court of California, County of San Diego, on February 8, 2013. Thus, this Notice of Removal is timely under 28 U.S.C. 1446(b) because it has been filed within thirty (30) days after Defendant Sikorsky received the Complaint.

## II.    ALLEGATIONS OF THE COMPLAINT

This action arises from an accident involving a United States military CH-53E Super Stallion helicopter on March 17, 2011. (Ex. A, Complaint at ¶15.) Defendants are informed and believe that this accident occurred at Marine Corps Air Station Miramar near San Diego, California.   In their Complaint, Plaintiffs assert wrongful death and survivor actions regarding the loss of U.S. Marine Staff

Sgt. Alexis Fontalvo, who died in the incident.  Plaintiffs assert product liability, negligence and breach of warranty causes of action against Sikorsky as the designer and manufacturer of the CH-53E helicopter.  (Ex. A, Complaint at ¶¶10, 23, 27 and 32.)

## II.    BASES FOR REMOVAL

This action is removable on three independent grounds: (1) Federal Officer Removal, 28 U.S.C. § 1442(a); (2) complete diversity of citizenship among the parties, 28 U.S.C. § 1441; and (3) federal question, 28 U.S.C. § 1441.

## A.    THIS ACTION IS REMOVABLE UNDER THE FEDERAL OFFICER REMOVAL STATUTE

This action is removable under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), because at all relevant times defendant Sikorsky was acting under an officer of the United States under color of such office. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). The Federal Officer Removal statute "provides a right of removal independent of 28 U.S.C. Section 1441 [and] is not keyed to the original jurisdiction of the federal district court." *Ely Valley Mines Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir.1981).  The right to remove under this statute is "absolute" provided the following three elements are satisfied:   (1) the removing defendant is a "person" within the meaning of the Federal Officer Removal statute; (2) at all relevant times the removing defendant was acting under an officer of the United States under color of such office; and (3) the removing defendant asserts a colorable federal defense. *Winters v. Diamond Shamrock Chem.* Co., 149 F.3d 387, 397 (5th Cir.1998); *see also Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 124-125, 134-135 (1989); *Durham*, *supra*, 445 F.3d at 1252-1253; *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 483 F.Supp.2d 934, 943-945 (N.D. Cal. 2007); *Lopez v.*

1  *Three Rivers Elec. Coop.*, 1996 U.S.Dist.LEXIS 22827, 3 (E.D. Mo. 1996).   All
2  three elements are satisfied in this case.

3         **1.   Sikorsky is a "Person" Within the Meaning of the Federal Officer**
4            **Removal Statute**

5        It is well settled that a private corporation, such as Sikorsky, is a "person"
6  entitled to invoke the Federal Officer Removal statute. *See, e.g., Winters*, *supra*,
7  149 F.3d at 398; *Lopez*, *supra*, 1996 U.S.Dist.LEXIS at 3.

8         **2.   Sikorsky was "Acting Under" an Officer of the United States**

9        The military CH-53E helicopter was produced for the United States in
10 accordance with government requirements.

11       In their Complaint, plaintiffs specifically allege that Sikorsky "did design,
12 manufacturer, assemble…. the subject CH-53E Super Stallion helicopter…and
13 component parts and other items and equipment…",  (Ex. A, Complaint at ¶10.) and
14 that "said products were defective and unsafe in manufacture and design and laced
15 proper warnings." (*Id.* at ¶12.)  Plaintiffs further allege that said defects caused the
16 subject accident. (*Id.* at ¶15.)

17       All of Sikorsky's activities with respect to the subject military CH-53E
18 helicopter, including those with respect to its design and manufacturer, were
19 performed under close government supervision pursuant to comprehensive and
20 detailed contract specifications provided by the United States Government and its
21 officers.  These contract specifications incorporate a multitude of precise military
22 specifications, federal standards, military standards, Department of Defense
23 standards and drawings, other government publications, and certain contractor
24 documents, all of which, taken together, constitute the specifications for the CH-
25 53E helicopter.  These specifications called out every design detail and controlled
26 the design and manufacture of the CH-53E helicopter from the largest components
27 down to the smallest components (such as fasteners and seals).
28 ///

NOTICE OF REMOVAL                        CASE NO.

1   Accordingly, Sikorsky was "acting under" an officer of the United States
2   when it manufactured the Marine CH-53E helicopter.  Sikorsky's actions at each
3   stage of the design and manufacture are inseparable from pervasive government
4   specifications, regulation and oversight, and a clear nexus exists between Sikorsky's
5   alleged actions at the direction of the United States Government and plaintiffs'
6   claims for relief.

7   **3.   <u>Sikorsky Asserts A Colorable Federal Defense</u>**

8   Sikorsky asserts a "colorable" federal defense in its answer to the above
9   claims. *See Mesa, supra*, 489 U.S. at 133; *Jefferson County, supra*, 527 U.S. at 431.
10   Sikorsky invokes the "government contractor defense" because the subject military
11   CH-53E helicopter and all of its component parts were designed and manufactured
12   in conformity with specifications provided or approved by the United States
13   Government.  *See Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988);
14   *Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582 (9th Cir.1996); *Hudgens v. Bell*
15   *Helicopter/Textron*, 328 F.3d 1329 (11th Cir.2003), *Kerstetter v. Pacific Scientific*
16   *Co.*, 210 F.3d 431 (5th Cir.2000); *Tate v. Boeing Helicopters*, 140 F.3d 654 (6th
17   Cir.1998); *Tate v. Boeing Helicopters*, 55 F.3d 1150 (6th Cir.1995); *Harduvel v.*
18   *Gen. Dynamics Corp.*, 878 F.2d 1311 (11th Cir.1989), and *Ramey v. Martin Baker*
19   *Aircraft Co.*, 874 F.2d 946 (4th Cir.1989).

20

21   **B.   Diversity Removal Under 28 U.S.C. §§ 1332, 1441.**

22   This Court has original jurisdiction over this civil action pursuant to 28
23   U.S.C. § 1332 because the amount in controversy exceeds the sum or value of
24   $75,000, exclusive of interest and costs, and is between citizens of different states.
25   Also, this action meets the requirement of 28 U.S.C. §1441 because none of the
26   parties properly joined and served as defendants is a citizen of the State of
27   California.
28   ///

NOTICE OF REMOVAL                     CASE NO.

**1. Complete Diversity**

There is complete diversity among Plaintiffs and all named defendants. Specifically:

a.  Plaintiff resides in and is a citizen of Texas (Ex. A, Complaint, ¶3). Plaintiff does not allege the decedent's citizenship but defendant is informed and believes that decedent is also a citizen of Texas.

b. Sikorsky, Sikorsky Support Services, Inc., and United Technologies, Inc. were formed under the laws of the State of Delaware, and have  their principal place of business in the State of Connecticut;

c.  Defendant is informed and believes that E.I. duPont de Nemours and Company, DuPont de Nemours and Company, and DuPont Aerospace were at all times corporations formed under the laws of the State of Delaware, with their principal place of business in the State of Delaware;

d.  Defendant is informed and believes that GE Aviation Systems, LLC was  at all times a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Ohio;

e.  Defendant is informed and believes that PKL Services, Inc. was at all times a corporation formed under the laws of the State of California, with its principal place of business in the State of California.

As of the date of the filing of this removal, Plaintiffs have failed to serve any of the defendants with service of process or with the Complaint. Because PKL Services, Inc. -- the sole Defendant that is a citizen of the State of California -- has not been properly served with process or with the Complaint in the State Action, 28 U.S.C. § 1441(b) does not preclude removal. Section 1441(b) provides as pertinent that actions premised on the Court's diversity jurisdiction "shall not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Because section 1441(b) requires both proper joinder and service, courts have held

1    that "a resident defendant who has not been served may be ignored in determining

2    removability." *Republic W. Ins. Co. v. Int'l Ins. Co.,* 765 F. Supp. 628, 629 (N.D.

3    Cal 1991) (quotation and citation omitted).   Accord, *Timmons v. Linvatec Corp.,*

4    No. CV09-7947 R(SSx), 2010 WL 2402918, at * 1 (C.D. Cal. Jan 14, 2010)

5    (denying motion to remand where California defendants had not been served);

6    *Cucci v. Edwards, et al.,* 510 F.Supp.2d 479, 484 (C.D. Cal. 2007) (holding that

7    pursuant to 28 U.S.C. § 1441(b), only the presence of a 'joined-and-served' resident

8    defendant defeats removal); *Regal Stone Ltd. v. Longs Drug Stores California,*

9    *L.L.C.,* No 11-4540 SC, 2012 WL 685756, at *2-5 (N.D. Cal. March 2, 2012)

10   (denying motion to remand and retaining removal jurisdiction notwithstanding

11   presence    of    an    unserved    California    citizen)[1];    *City    of    Ann    Arbor*

12   *Employees'Retirement System, et al. v. Gecht, et al.,* 2007 WL 760568, at *7-10

13   (N.D. Cal. March 9, 2007) (same); *Waldon v. Novartis Pharms. Corp.,* 2007 WL

14   1747128, at *2-3 (N.D. Cal. June 18, 2007) (finding that the citizenship of an in-

15   forum defendant should not be considered because it was not properly joined and

16   served at the time of removal); *but see Hoskinson v. Alza Corporation,* 2010 WL

17   2652467 (E.D. Cal July 1, 2010); *Khashan v. Ghasemi, et al.,* 2010 1444884 (C.D.

18   Cal. April 5, 2010); *Mohammed v. Watson Pharmaceuticals, Inc.,* 2009 WL 857517

19   (C.D. Cal. March 26, 2009).

20       As the Court in *Regal Stone* recognized, although the removal statute was

21   amended by the the Federal Courts Jurisdiction and Venue Clarification Act of

22   2011, Congress did not make any change to the requirement that an in-forum

23   defendant must be "properly joined and served as defendants." "[I]t is well-settled

24   that where Congress amends part of a statute and leaves another part unchanged, a

25

26   _____

27   [1] The district court in *Regal Stone* certified its decision for interlocutory appeal and the Ninth
     Circuit has accepted the appeal. Briefing appears to be completed, but the case has not been set

28   for argument.

NOTICE OF REMOVAL                                                CASE NO.

1  court must interpret Congress's inaction as satisfaction with the unamended portion,

2  or at least tolerance of its inadequacies ... [Thus,] [t]he Court is therefore bound to

3  take Congress's preservation of § 1441's 'properly joined and served' language as

4  an endorsement." *Regal Stone,* 2012 WL 685756, at *4 (citations omitted).

5       Because the only in-forum defendant, PLK Services, Inc., has not been

6  served, the naming of PLK Services, Inc. as a defendant in the State Action does

7  not preclude removal, and its consent to removal is not required.

8       **2.  The Amount in Controversy Exceeds $75,000.**

9       This action meets the amount in controversy requirement.  28 U.S.C. 1332(a)

10 authorizes the removal of cases in which, among other factors mentioned above, the

11 matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

12 costs.  Without admitting that Plaintiffs could recover any damages, Defendants

13 assert that the amount in controversy in this action exceeds $75,000 exclusive of

14 interest and costs.

15      The Complaint does not give a specific dollar amount of total monetary relief

16 claimed by Plaintiffs.  However, the failure of the Complaint to allege the total

17 amount of monetary relief sought by Plaintiffs does not deprive this Court of

18 jurisdiction.  *See White v. JC Penny Life Ins. Co.*, 861 F.Supp 25, 26 (S.D. W. Va.

19 1994).  Defendants need only establish by a preponderance of the evidence that

20 Plaintiffs' claims exceed the jurisdictional minimum. *See Sanchez v. Monumental*

21 *Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996).  The Court must presume, for the

22 purposes of considering the amount at issue, that Plaintiffs will prevail on each and

23 every one of their claims.  *Snyder v. Harris*, 394 U.S. 332, 225 (1969).

24      It is evident from the nature of the Complaint and the damages claimed that

25 well over $75,000 is placed in controversy.  This matter includes both a wrongful

26 death and survivor cause of action for a 24-year-old U.S. Marine staff sergeant with

27 a one-year-old son.  Plaintiffs claim both economic and non-economic damages for

28 loss of financial support, earnings, love, companionship, comfort, affection, society,

NOTICE OF REMOVAL                                         CASE NO.

1   solace, and guidance. (Exh. A, Complaint at ¶¶19, 20, 24, 28, 34, 42.)   Plaintiffs

2   also seek damages for "incurred medical and related care costs during the period of

3   [decedents] disability before he died." (Ex. A, Complaint at ¶41.)

4        In addition, Plaintiffs ask the Court to award punitive damages.   (Ex. A,

5   Complaint at ¶43.)   The Court may also consider the Plaintiffs' request for punitive

6   damages in determining the amount in controversy.   *Davenport v. Mutual Ben.*

7   *Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).   Although Defendant

8   vigorously denies Plaintiffs' allegations, the preponderance of evidence

9   demonstrates that Plaintiffs' allegations satisfy the jurisdictional prerequisite for

10  amount in controversy.

11

12  **C.    Federal Question Removal Under 28 U.S.C. §§ 1331, 1441**

13       This Court has original jurisdiction over this action based on the existence of

14  a federal question pursuant to 28 U.S.C. § 1331.   The United States has power and

15  exclusive authority concerning places purchased by the government "for the

16  erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings;"

17  U.S. Const. art. I, §8, cl. 17.   This exclusive authority has been construed to mean

18  exclusive jurisdiction under 28 U.S.C. §1331. *Akin v. Ashland Chemical Co.*, 156

19  F.3d 1030, 1034, n.1 (10th Cir. 1998)(*citing to, Mater v. Holley*, 200 F.2d 123, 124-

20  25 (5th Cir. 1952).   Thus, "[p]ersonal injury actions which arise from incidents

21  occurring on such federal enclaves may be removed to federal district court as a

22  part of federal question jurisdiction."   *Id.* at 1034.   Defendant is informed an

23  believes that the injury to decedent occurred at Marine Corps Air Station Miramar

24  (MCAS) near San Diego, California.   There can be no dispute that MCAS is such a

25  federal enclave over which the federal government has exclusive jurisdiction.

26       Accordingly, the underlying action against Sikorsky exclusively arises under

27  the laws of the United States, within the meaning of 28 U.S.C. § 1331 and

28  ///

---

1   therefore, the case may be removed to this Court pursuant to the provisions of 28

2   U.S.C. §§ 1441(a) and 1441(b).

3

4                  **IV.    VENUE OF REMOVED ACTION**

5          This Court is the United States District Court for the district embracing the

6   place where the state court action is pending.  The lower court action was pending

7   before the Superior Court of the State of California, County of San Diego.

8   Therefore, pursuant to 28 U.S.C. § 1446(a), the United States District Court for the

9   Southern District of California is the appropriate court for removal.

10

11                 **V.    PLEADINGS IN THE STATE COURT ACTION**

12         Papers or pleadings known to be on file with the State Court are attached to

13  this notice as Exhibits A-C.  A copy of this notice has been served on all parties of

14  record and will be filed with the Clerk of the Superior Court of California, County

15  of San Diego.

16

17                      **VI.    CONCLUSION**

18         For the above reasons, this action is removable to the United States District

19  Court for the Southern District of California.

20  Dated: February 11, 2013                **FITZPATRICK & HUNT,**
                                             **TUCKER, COLLIER, PAGANO, AUBERT, LLP**
21

22

23                           By: _____
24                               James W. Hunt
                                 Christopher S. Hickey
25                               Attorneys for Defendants,
                                 **SIKORSKY AIRCRAFT**
26                               **CORPORATION; SIKORSKY**
                                 **SUPPORT SERVICES, INC.;** and
27                               **UNITED TECHNOLOGIES**
                                 **CORPORATION**
28

NOTICE OF REMOVAL                                    CASE NO.

# TABLE OF CONTENTS

**EXHIBIT A:  Summons; Complaint and Civil Case Cover Sheet (Pages 11-23)**

**EXHIBIT B:  Application and Order for Appointment of Guardian ad litem – Civil (Pages 24-25)**

**EXHIBIT C:  Notice of Hearing (Pages 26-27)**

# SUMMONS
## (CITACION JUDICIAL)

FILED
CIVIL BUSINESS 7 4 3
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

13 JAN 25  AM 11: 59

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUM-100

**NOTICE TO DEFENDANT:** SIKORSKY AIRCRAFT CORPORATION;
*(AVISO AL DEMANDADO):* SIKORSKY SUPPORT SERVICES, INC.;
UNITED TECHNOLOGIES CORPORATION; G. E. AVIATION
SYSTEMS, LLC; DUPONT AEROSPACE CO.; DUPONT DE NEMOURS
AND COMPANY, LLC; E.I. DUPONT DE NEMOURS AND COMPANY;
PKL SERVICES, INC.; and DOES 1 through 100, Inclusive

JAN 25 2013 AM 10:45
F I L E D
Clerk of the Superior Court

JAN 2 5 2013

By:_____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DOMINIC FONTALVO, a
minor, by and through his Guardian Ad Litem, NORMA
FONTALVO, individually and as successor in interest
to Alexis Fontalvo, deceased

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA County of San Diego
Central Civil Division
330 West Broadway  San Diego, CA 92101

CASE NUMBER:
*(Número de caso):*
37-2013-00031864-CU-PL-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence P. Grassini                              PH:818-348-1717 FX:818-348-7921
GRASSINI & WRINKLE
20750 Ventura Blvd., Suite 221
Woodland Hills, CA  91364-6235

DATE:
*(Fecha)*  FEB 08 2013          Clerk, by _____, Deputy
                               *(Secretario)*  C. Spies        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A
11

FILED
CIVIL BUSINESS OFFICE B
CENTRAL DIVISION

13 JAN 25 AH 11: 59

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY CA

F I L E D
Clerk of the Superior Court

JAN 25 2013

By: _____ Deputy

1  LAWRENCE P. GRASSINI — SBN 49046
   ROLAND WRINKLE — SBN 73237
2  LARS C. JOHNSON — SBN 205712
   GRASSINI & WRINKLE
3  20750 Ventura Boulevard, Suite 221
   Woodland Hills, CA  91364-6235
4  Tel:   (818) 348-1717
   Fax:   (818) 348-7921
5  Email: mail@grassiniandwrinkle.com

6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN DIEGO

10

11 DOMINIC FONTALVO, a minor, by and        Case No.:  37-2013-00031864-CU-PL-CTL
   through his Guardian Ad Litem, NORMA
12 FONTALVO, individually and as successor
   in interest to Alexis Fontalvo, deceased,

13

14                Plaintiffs,                 COMPLAINT FOR WRONGFUL DEATH
                                              AND SURVIVOR ACTION; DEMAND
15      vs.                                   FOR JURY TRIAL

16

17 SIKORSKY AIRCRAFT
   CORPORATION;
18 SIKORSKY SUPPORT SERVICES, INC.;
   UNITED TECHNOLOGIES
19 CORPORATION;
   G.E. AVIATION SYSTEMS, LLC;
20 DUPONT AEROSPACE CO.;
   DUPONT DE NEMOURS AND
21 COMPANY, LLC;
   E.I. DUPONT DE NEMOURS AND
22 COMPANY;
   PKL SERVICES, INC.; and
23 DOES 1 through 100, Inclusive

24                Defendants.

25

26      DOMINIC FONTALVO, a minor, by and through his guardian ad litem,  NORMA

27 FONTALVO, individually and as successor in interest to Alexis Fontalvo, deceased, (hereinafter

28 collectively "Plaintiff") complains of Defendants, and each of them, and alleges as follows:

                                      1
        COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

**[As Against All Defendants and DOES 1-100, Inclusive]**

1.      The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Each of the defendants designated herein as a DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the plaintiff, as herein alleged. Plaintiff will ask leave of court to amend this complaint to show their true names and capacities when the same have been ascertained.

2.      At all times herein mentioned, defendants, and each of them, were the agents, servants, employees, joint venturers, successors-in-interest, assigns, and subsidiaries, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, servants, employees, joint venturers, successors-in-interest, assigns, and subsidiaries.

3.      Plaintiff DOMINIC FONTALVO, a minor, whose grandmother, Norma Fontalvo, has been duly appointed as his Guardian ad Litem, is a resident of Houston, Texas.

4.      Plaintiff DOMINIC FONTALVO is the only child of Alexis Fontalvo, the sole and exclusive heir of Alexis Fontalvo, and is the successor in interest to the action of Alexis Fontalvo pursuant to California Code of Civil Procedure, Sections 377.11, 377.20, 377.30 and 377.34, and has filed a Declaration of Successor in Interest under Section 377.32.

5.      At all times mentioned herein, Defendants SIKORSKY AIRCRAFT CORPORATION and SIKORSKY SUPPORT SERVICES, INC. (hereinafter collectively "SIKORSKY") are corporations, at all relevant times herein having regularly done, and continually and systematically doing business in the State of California.

6.      At all times mentioned herein, Defendant UNITED TECHNOLOGIES CORPORATION (hereinafter "UNITED TECHNOLOGIES") is and was a corporation, at all

2

EXHIBIT A
13

1   relevant times herein having regularly done, and continually and systematically doing business in

2   the State of California.

3       7.    At all times mentioned herein, Defendant G.E. AVIATION SYSTEMS, LLC.

4   (hereinafter "G.E. AVIATION SYSTEMS") is and was a corporation, at all relevant times herein

5   having regularly done, and continually and systematically doing business in the State of

6   California.

7       8.    At all times mentioned herein, Defendants DUPONT AEROSPACE CO.;

8   DUPONT DE NEMOURS AND COMPANY, LLC.; E.I. DUPONT DE NEMOURS AND

9   COMPANY (hereinafter "DUPONT") are each a corporation or other organized business entity,

10   at all relevant times herein having regularly done, and continually and systematically doing

11   business in the State of California.

12       9.    At all times mentioned herein, Defendant PKL SERVICES, INC. (hereinafter

13   PKL Services) is and was a corporation, with its principal place of business in San Diego

14   County, at all times relevant times herein was a corporation having regularly done, and

15   continually and systematically doing business in the State of California.

16       10.    At all times herein mentioned, defendants SIKORSKY AIRCRAFT

17   CORPORATION; SIKORSKY SUPPORT SERVICES, INC.; UNITED TECHNOLOGIES

18   CORPORATION;   G.E. AVIATION SYSTEMS, LLC.; DUPONT AEROSPACE CO.;

19   DUPONT DE NEMOURS AND COMPANY, LLC.; E.I. DUPONT DE NEMOURS AND

20   COMPANY and DOES 1 through 100, and each of them, were and are in the business of, and

21   prior to March 17, 2011, did design, manufacture, assemble, install, inspect, repair, maintain,

22   endorse, draft, test, franchise, supply, sell, lease, distribute and place into the stream of

23   commerce the subject CH-53E Super Stallion helicopter, including the attendant hardware and

24   appurtenances and component parts and other items and equipment attendant thereto, and

25   including but not limited to, the landing gear systems and wiring, the landing gear assembly and

26   the attendant hardware and appurtenances and component parts and other items and equipment

27   attendant thereto.

28

3
COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

11.   At all times herein mentioned, defendants PKL SERVICES, INC.,  and DOES 1 through 100, and each of them, were and are in the business of, and prior to March 17, 2011, did assemble, inspect, repair, maintain, endorse, draft, test, franchise, supply, sell, lease, distribute and place into the stream of commerce certain component parts and equipment for the subject CH-53E Super Stallion helicopter.

12.   At the time said products left the hands of the defendants, and each of them, said products were defective and unsafe in manufacture and design and lacked proper warnings.

13.   The aforementioned products and their component parts and equipment thereof were to be used by the general public without inspection or analysis of the hazardous condition and/or nature of said products.

14.   Decedent Staff Sargeant Alexis Fontalvo was the user of said defective products and their component parts and equipment thereof.

15.   On or about March 17, 2011, while decedent Staff Sargeant Alexis Fontalvo was using said products, including, but not limited to, their component parts and equipment thereof, in a manner that was reasonably foreseeable by the defendants, and each of them, decedent Staff Sargeant Alexis Fontalvo was fatally injured as a direct and legal result of the defective and unsafe condition of said products and the component parts and equipment thereof, thereby directly and legally causing the fatal injuries and damages to decedent Staff Sargeant Alexis Fontalvo as herein alleged.

16.   The use of said products and their component parts and equipment thereof involved a substantial danger that would not be readily recognized by the ordinary user of the products.

17.   The use of said products and their component parts and equipment thereof involved a substantial danger that was known or knowable by the defendants, and each of them, in light of the generally recognized and prevailing best scientific knowledge available at the time of the manufacture, sale and distribution of said products.

18.   Defendants, and each of them, knew or should have known of the defects in design and manufacture which constituted a hazard for those using the aforesaid products and

4
COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

1   component parts and equipment thereof, and defendants, and each of them, failed to notify, warn

2   and/or protect those using the aforesaid products and the component parts and equipment thereof,

3   of the substantial danger posed by said products, and such failure to warn was one of the legal

4   causes of the accident and injuries and damages to decedent Staff Sargeant Alexis Fontalvo as

5   herein alleged.

6        19.     As a direct and legal result of the acts and omissions of the defendants, and each

7   of them, decedent Staff Sargeant Alexis Fontalvo was fatally injured and plaintiff has been, and

8   will be, deprived of the love, companionship, comfort, affection, society, solace, guidance and

9   loss of financial support of his father, Staff Sargeant Alexis Fontalvo, and was otherwise

10  generally and specially damaged, both economically and non-economically, in amounts

11  according to proof and within the jurisdiction of this court.

12       20.     As a further and legal result of the acts and omissions of the defendants, and each

13  of them, and following the death of plaintiff's decedent Staff Sargeant Alexis Fontalvo, plaintiff

14  has incurred funeral and related expenses in a sum as yet unascertained. Plaintiff will pray leave

15  of court to set forth such amount at the time of trial.

16       21.     Plaintiff  DOMINIC FONTALVO has been generally damaged in an amount

17  within the jurisdictional limits of this court.

18

19                          **SECOND CAUSE OF ACTION**

20                       **NEGLIGENT PRODUCTS LIABILITY**

21              **[As Against All Defendants and DOES 1-100, Inclusive]**

22       22.     Plaintiff repeats, realleges, and repleads all of the First Cause of Action herein

23  and incorporate the same by reference as though here set forth in full.

24       23.     At all times herein mentioned, defendants, and each of them, so negligently,

25  carelessly, recklessly, and with gross negligence designed, manufactured, assembled, installed,

26  inspected, maintained, endorsed, drafted, tested, franchised, supplied, sold, leased, distributed

27  and placed into the stream of commerce, and negligently failed to warn relative to the said

28  products and the component parts and equipment thereof, and otherwise so negligently

5

COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

conducted themselves, so as to directly and legally cause the accident and injuries and damages to plaintiffs as described herein.

24.     As a direct and legal result of the acts and omissions of the defendants, and each of them, decedent Staff Sargeant Alexis Fontalvo was fatally injured and plaintiff has been, and will be, deprived of the love, companionship, comfort, affection, society, solace, guidance and loss of financial support of his father, Staff Sargeant Alexis Fontalvo, and was otherwise generally and specially damaged, both economically and non-economically,   in amounts according to proof and within the jurisdiction of this court.

25.     As a further and legal result of the acts and omissions of the defendants, and each of them, and following the death of plaintiff's decedent Staff Sargeant Alexis Fontalvo, plaintiff has incurred funeral and related expenses in a sum as yet unascertained. Plaintiff will pray leave of court to set forth such amount at the time of trial.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

**[As Against All Defendants and DOES 1-100, Inclusive]**

26.     Plaintiff repeats, realleges, and repleads all of the First and Second Causes of Action herein and incorporate the same by reference as though here set forth in full.

27.     At all times herein mentioned, defendants, and each of them, so negligently, carelessly, recklessly, and with gross negligence assembled, installed, inspected, maintained, tested, supplied and repaired said helicopter and its component parts and assemblies and otherwise so negligently conducted themselves, so as to directly and legally cause the accident and injuries and damages to the plaintiffs as described herein.

28.     As a direct and legal result of the acts and omissions of the defendants, and each of them, decedent Staff Sargeant Alexis Fontalvo was fatally injured and plaintiff has been, and will be, deprived of the love, companionship, comfort, affection, society, solace, guidance and loss of financial support of Staff Sargeant Alexis Fontalvo, and was otherwise generally and specially damaged, both economically and non-economically, in amounts according to proof and within the jurisdiction of this court.

6

29.   As a further and legal result of the acts and omissions of the defendants, and each of them, and following the death of plaintiff's decedent Staff Sargeant Alexis Fontalvo, plaintiff has incurred funeral and related expenses in a sum as yet unascertained. Plaintiff will pray leave of court to set forth such amount at the time of trial.

30.   Plaintiff DOMINIC FONTALVO has been generally damaged in an amount within the jurisdictional limits of this court.

## FOURTH CAUSE OF ACTION

### BREACH OF WARRANTY

**[As Against All Defendants and DOES 1-100, Inclusive]**

31.   Plaintiff repeats, realleges, and repleads all of the First, Second and Third Causes of Action herein and incorporates the same by reference as though here set forth in full.

32.   At all times herein mentioned, defendants, and each of them, expressly and impliedly warranted and advertised orally and in writing that the subject CH-53E Super Stallion helicopter and its component parts and equipment thereof, its service, maintenance and the repairs performed on it were proper and safe for the product's intended use and was of a merchantable quality and that the subject CH-53E Super Stallion helicopter and its component parts and equipment thereof were warranted to not have any defects and plaintiffs and plaintiffs' decedent Staff Sargeant Alexis Fontalvo justifiably and reasonably relied upon said warranties and believed the subject CH-53E Super Stallion helicopter and its component parts and equipment to be safe for their intended use.

33.   That said warranties and representations were breached because the subject CH-53E Super Stallion helicopter and its component parts and equipment were not fit for the use for which they were intended due to the defects contained herein.

34.   As a direct and legal result of the acts and omissions of the defendants, and each of them, decedent Staff Sargeant Alexis Fontalvo was fatally injured and plaintiff has been, and will be, deprived of the love, companionship, comfort, affection, society, solace, guidance and loss of financial support of Staff Sargeant Alexis Fontalvo, and was otherwise generally and

7

COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

EXHIBIT A
18

1   specially damaged, both economically and non-economically, in amounts according to proof and
2   within the jurisdiction of this court.
3          35.    As a further and legal result of the acts and omissions of the defendants, and each
4   of them, and following the death of plaintiff's decedent Staff Sargeant Alexis Fontalvo, plaintiff
5   has incurred funeral and related expenses in a sum as yet unascertained. Plaintiff will pray leave
6   of court to set forth such amount at the time of trial.
7          36.    Plaintiff DOMINIC FONTALVO has been generally damaged in an amount
8   within the jurisdictional limits of this court.
9
10                            **FIFTH CAUSE OF ACTION**
11       **SURVIVOR ACTION PURSUANT TO CODE OF CIVIL PROCEDURE**
12                            **SECTION 377.11, ET. AL.**
13                   **[As Against All Defendants and DOES 1-100, Inclusive]**
14         37.    Plaintiff repeats, realleges and repleads all of the First, Second, Third and Fourth
15   Causes of Action herein and incorporate the same by reference as though set forth in full at this
16   place.
17         38.    Plaintiff DOMINIC FONTALVO is the only child of Alexis Fontalvo, and is the
18   sole and exclusive heir of Alexis Fontalvo, and is the successor in interest to the action of Alexis
19   Fontalvo pursuant to California Code of Civil Procedure, Sections 377.11, 377.20, 377.30 and
20   377.34, and has filed a Declaration of Successor in Interest under Section 377.32.
21         39.    Prior to the occurrence of this accident, decedent Staff Sargeant Alexis Fontalvo
22   was an able-bodied individual, capable of performing his usual work for an indefinite period of
23   time in the future.
24         40.    On or about March 17, 2011, Staff Sargeant Alexis Fontalvo was injured and
25   subsequently died as the direct result of the injuries he sustained in the aforementioned accident,
26   and plaintiff DOMINIC FONTALVO brings this survivor action as the successor in interest to
27   the action of Staff Sargeant Alexis Fontalvo, deceased, pursuant to Code of Civil Procedure
28   sections 377.11, 377.30, and 377.34.

41.     As a legal result of the acts and omissions of the defendants, and each of them, Alexis Fontalvo incurred expenses for medical and related care costs during the period of his disability before he died, all in an amount which is at present unknown, and to his special damages.   Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

42.     Prior to the occurrence of this accident, Alexis Fontalvo was an able-bodied individual, but after said accident was unable to engage fully in his occupation all to Alexis Fontalvo's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the exact amount of lost earnings at the time of trial.   As a further direct result of the actions of defendants, and each of them, Alexis Fontalvo suffered property damage and loss of use of such property.

43.     Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew at all relevant times before March 17, 2011, that the subject CH-53E Super Stallion helicopter was defective and/or dangerous and knew would result in injuries or death when sold and/or maintained with defects in design and manufacture which constituted a hazard for those using the aforesaid products or component parts thereof and not recalled.   Plaintiff is further informed and believes and thereon alleges that the conduct of the Defendants as alleged herein was reckless, willful, oppressive, malicious and done with reckless and wanton disregard for the rights and safety of the Plaintiff and/or Plaintiff's decedent with knowledge of the defects at issue, and in conscious disregard of the safety hazards raised by those defects, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

*AS TO ALL CAUSES OF ACTION:*

1.     For general damages within the jurisdiction of this court;

2.     For special damages according to proof;

9
COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

EXHIBIT A
20

3.   For prejudgment interest;

4.   For attorneys' fees according to proof;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the court may deem just and proper.

*AS TO THE FIFTH CAUSE OF ACTION:*

1.   For general damages within the jurisdiction of this court;

2.   For special damages according to proof;

3.   For prejudgment interest;

4.   For attorneys' fees according to proof;

5.   For costs of suit incurred herein;

6.   For such other and further relief as the court may deem just and proper; and

7.   For exemplary damages.

DATED:  January 18, 2013                   GRASSINI & WRINKLE
                                           A Law Corporation

                                           By
                                              LAWRENCE P. GRASSINI
                                              Attorneys for Plaintiffs

COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION; DEMAND FOR JURY TRIAL

EXHIBIT A
21

## DEMAND FOR A JURY TRIAL

DOMINIC FONTALVO, a minor, by and through his guardian ad litem,  NORMA FONTALVO, individually and as successor in interest to Alexis Fontalvo, deceased (hereinafter collectively "Plaintiff"),  hereby demands a jury trial.

DATED:  January 18, 2013

GRASSINI & WRINKLE
A Law Corporation

By

LAWRENCE P. GRASSINI
Attorneys for Plaintiffs

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Lawrence P. Grassini<br>GRASSINI & WRINKLE<br>20750 Ventura Blvd., Suite 221<br>Woodland Hills, CA  91364-6235<br>TELEPHONE NO.: 818-348-1717  FAX NO.: 818-348-7921<br>ATTORNEY FOR (Name): Plaintiffs | **FILED**<br>Clerk of the Superior Court<br>JAN 25 2013<br>Deputy<br><br>FILED FOR COURT USE ONLY<br>13 JAN 25 AM 11:59<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

SUPERIOR COURT OF CALIFORNIA County of San Diego
Central Civil Division
330 West Broadway, San Diego, CA 92101

CASE NAME: FONTALVO V. SIKORSKY AIRCRAFT CORPORATION; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2013-00031864-CU-PL-CTL |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): Five

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 18, 2013

Lawrence P. Grassini
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- If this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**    Legal Solutions Plus    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

EXHIBIT A

23

FILED   CIV-010

ATTORNEY (Name, State Bar number, and address):
Lawrence P. Grassini - SBN 49046
GRASSINI & WRINKLE
20750 Ventura Blvd., Suite 221

Woodland Hills, CA  91364-6235
TELEPHONE NO.: 818-348-1717          FAX NO. (Optional): 818-348-7921
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

CIVIL BUS. FOR COURT USE ONLY3
CENTRAL DIVISION

13 JAN 25 PM 12:01

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

JAN 25 2013 AM10:49

F I L E D
Clerk of the Superior Court

JAN 2 5 2013

By: _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS:          **San Diego Superior Court**
                          Civil Division
CITY AND ZIP CODE:        330 West Broadway
                          San Diego, California  92101
BRANCH NAME:

PLAINTIFF/PETITIONER: DOMINIC FONTALVO, etc., et al.

DEFENDANT/RESPONDENT: SIKORSKY AIRCRAFT CORPORATION

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL  ☐ EX PARTE | CASE NUMBER: 37-2013-00031864-CU-PL-CTL |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name): NORMA FONTALVO                                    is
   a. ☐ the parent of (name):
   b. ☒ the guardian of (name): DOMINIC FONTALVO
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   NORMA FONTALVO                                    PH:  713-987-1044
   11119 Bradford Way Drive
   Houston, TX  77075-2424

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   DOMINIC FONTALVO                                  PH:  713-987-1044
   11119 Bradford Way Drive
   Houston, TX  77075-2424

4. The person to be represented is:
   a. ☒ a minor (date of birth): February 22, 2010
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Wrongful death lawsuit arising out of fatal injuries sustained by parent of
      minor Dominic Fontalvo.

☐ Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]          APPLICATION AND ORDER FOR APPOINTMENT
                                        OF GUARDIAN AD LITEM—CIVIL          Legal Solutions
                                                                           Code of Civil Procedure,
                                                                           § 372 et seq.
                                        EXHIBIT B
                                        24

CIV-010

| PLAINTIFF/PETITIONER: DOMINIC FONTALVO, etc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SIKORSKY AIRCRAFT CORPORATION | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related (state relationship): grandmother

b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

LAWRENCE P. GRASSINI
(TYPE OR PRINT NAME)                                          (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

NORMA FONTALVO
(TYPE OR PRINT NAME)                                          (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date:

NORMA FONTALVO
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): NORMA FONTALVO
is hereby appointed as the guardian ad litem for (name): DOMINIC FONTALVO
for the reasons set forth in item 5 of the application.

Date: 2-1-13

                                                            JUDICIAL OFFICER
                                                            Joan M. Lewis
                                                            ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

EXHIBIT B
25

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: (619) 450-7065 | |

| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): DOMINIC FONTALVO |
|---|
| DEFENDANT(S)/RESPONDENT(S): SIKORSKY AIRCRAFT CORPORATION et.al. |
| Short Title: FONTALVO vs. SIKORSKY AIRCRAFT CORPORATION |

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2013-00031864-CU-PL-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 06/28/2013 | 10:45 am | C-65 | Joan M. Lewis |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

EXHIBIT C
26

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| Central<br>330 West Broadway<br>San Diego, CA 92101 | |
| **SHORT TITLE:** FONTALVO vs. SIKORSKY AIRCRAFT CORPORATION | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2013-00031864-CU-PL-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at <u>San Diego</u>, California on <u>01/28/2013</u>. The mailing occurred at <u>Sacramento</u> on <u>01/29/2013</u>.

Clerk of the Court, by: _M. Pham_____ , Deputy

LAWRENCE GRASSINI
GRASSINI & WRINKLE
20750  VENTURA BOULEVARD, STE. 221
WOODLAND HILLS, CA 91364-6235

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

EXHIBIT C
27

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DOMINIC FONTALVO, a minor, by and through his Guardian ad litem, NORMA FONTALVO, individually and as successor in interest to Alexis Fontalvo, deceased | Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc.; United Technologies Corporation; G.E. Aviation Systems, LLC; Dupont Aerospace Co.; Dupont De Nemours and Company LLC; et al. |

(b) County of Residence of First Listed Plaintiff    **State of Texas**

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **State of Connecticut**

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*    **'13CV0331 GPC KSC**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☒ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Sections 1331, 1332, 1441 and 1442(a)

Brief description of cause:
Diversity of Citizenship; Federal Officer; Federal Question

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
02/11/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

1

**CERTIFICATE OF SERVICE**
Dominic Fontalvo, et al. v. Sikorsky Aircraft Corporation, et al.
2
USDC – Southern Court Case No.: _____
Our File No.: 600,191
3

   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to
4 the within action; my business address is 633 West Fifth Street, 60th Floor, Los Angeles, California 90071.

5    On **February 11, 2013**, I served the document(s) described as:   **DEFENDANTS' NOTICE OF**
**REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 AND 1442(a)** on the interested
6 party(s) in this action, as follows:

7                **SEE ATTACHED SERVICE LIST**

8  __X__   **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof enclosed in a sealed
9       envelope(s), with postage fully paid, addressed as per the attached service list, for collection and mailing at
        Fitzpatrick & Hunt, Tucker, Collier, Pagano, Aubert, LLP in Los Angeles, California following ordinary
10      business practices.   I am readily familiar with the firm's practice of collection and processing
        correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that
11      same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.
        I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or
12      postage meter date is more than one day after the date of deposit for mailing in affidavit.

13 ____   **(By CM/ECF System)** I caused to be electronically filed a true and correct copy of the above-entitled
        document(s) with the Clerk of the Court using Case Management/Electronic Case Filing (CM/ECF), which
14      will send notification that such filing is available for viewing and downloading to all counsel on record
15      electronically as required by the Court on this matter, addressed as per the attached service list.

16 ____   **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213)
        873-2125 the above-entitled document(s) to the parties listed on the attached Service List and whose
17      facsimile transmission machine telephone number is indicated.  The above-described transmission was
        reported as complete without error by a transmission report issued by the facsimile transmission machine
18      upon which the said transmission was made immediately following the transmission.  A true and correct
19      copy of the said transmission report is attached hereto and incorporated herein by this reference.

20 ____   **(By Personal Service)** By placing the above-entitled document(s) in a sealed envelope(s) and instructing
        First Legal Courier to personally deliver the envelope(s) to the offices at the addressee(s) set forth on the
21      attached service list.  The original signed proof of service by the courier will be filed with the Court upon
        receipt of same.
22

23 __X__   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that I am employed in
        the office of a member of the bar of this court at whose direction the service is made.
24
     Executed on **February 11, 2013** at Los Angeles, California.
25
                           *Angelina Hernandez*
26                         Angelina Hernandez
27
28

CERTIFICATE OF SERVICE

1

## SERVICE LIST

2

3
Dominic Fontalvo, et al. v. Sikorsky Aircraft Corporation, et al.
USDC – Southern Court Case No.: _____
Our File No.:  600,191

4

5

| | |
|---|---|
| **Attorney for Plaintiffs** | |
| Lawrence P. Grassini | |
| Roland Wrinkle | |
| Lars C. Johnson | |
| GRASSINI & WRINKLE | |
| 20750 Ventura Boulevard, Ste. 221 | |
| Woodland Hills, CA 91364-6235 | |
| Tel: (818) 348-1717 | |
| Fax: (818) 348-7921 | |
| mail@grassiniandwrinkle.com | |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE