# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC FONTALVO, a minor, by and through his Guardian ad litem, NORMA FONTALVO, individually and as successor in interest to Alexis Fontalvo, deceased Plaintiff,<br><br>vs.<br><br>SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT SERVICES, INC.; UNITED TECHNOLOGIES CORPORATION; G.E. AVIATION SYSTEMS, LLC; DUPONT AEROSPACE CO.; DUPONT DE NEMOURS AND COMPANY LLC; E.I. DUPONT DE NEMOURS AND COMPANY; PKL SERVICES INC. ; and DOES 1 through 100,<br><br>Defendants. | Civil Action No. 13-cv-0331-GPC-KSC<br><br>**ORDER GRANTING DEFENDANT GE AVIATION'S MOTION TO DISMISS**<br><br>[DKT. NO. 13] |

On April 24, 2013, Defendant GE Aviation Systems LLC ("Defendant") or "GE") filed a motion to dismiss Plaintiff Dominic Fontalvo, a minor, by and through his guardian ad litem, Norma Fontalvo, ("Plaintiff" or "Fontalvo") complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 13, "MTD"). On July 25, 2013, Plaintiff filed a response. (Dkt. No. 33, "Pl. Resp."). On August 5, 2013, Defendant filed a reply. (Dkt. No. 36, "Def. Reply.") The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). Based on the briefing, supporting documentation and applicable law, the Court **GRANTS** Defendant GE's motion to dismiss.

## I. BACKGROUND

This action arises from the death of United States Marine Corps Staff Sergeant Alexis Fontalvo that occurred during a helicopter accident on March 17, 2011 at the Marine Corps Air Station Miramar. (Dkt. No. 1, Ex. A, "Compl.") According to the Judge Advocate General's investigation of the accident, the accident occurred when a faulty wiring harness of a CH-53E helicopter caused the landing gear to unexpectedly retract while Sgt. Fontalvo was beneath the aircraft. (Pl. Mtn. at 1, Ex. A, "JAGMAN Final Report.") Sgt. Fontalvo was killed by the weight of the helicopter. (Id.) The JAGMAN Final Report states the wiring in the landing gear control panel was in disrepair, and caused the landing gear to unexpectedly retract on top of Sgt. Fontalvo. (Id.) The Final Report further found that the overall design of the wiring harness exacerbated the danger posed by the exposed wires. (Id.)

Plaintiff Dominic Fontalvo ("Plaintiff"), the minor son and sole heir of Alexis Fontalvo, filed the instant action on January 25, 2013 in the Superior Court of San Diego by through his guardian ad litem, Norma Fontalvo. (Compl. ¶¶ 3-4.) Plaintiff brings the action as the decedent's successor in interest pursuant to Cal.

Code Civ. P. § 377.11. (Compl. ¶ 38.) Plaintiff alleges strict and negligent product liability, negligence and breach of warranty against Defendants as the designers and manufacturers of the CH-53E helicopter. (Compl. pp. 2-8.)

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562.

Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

2     **Civil Action No. 13-cv-0331-GPC-KSC**

556 U.S. at 678; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir.2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly, 550 U.S. at 555. Thus, to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 677.

## III. DISCUSSION

Defendant GE Aviation argues Plaintiff's Complaint should be dismissed because it fails to allege: (1) what component(s) was allegedly "unsafe" or "defective"; (2) how any such component was unsafe or defective; (3) why GE or any other defendant is responsible for any such component; or (4) the basic manner in which plaintiff's decedent's death occurred. (MTD at 4.) Plaintiff responds that the complaint alleges facts with sufficient particularity to survive the motion to dismiss. (Pl. Resp. at 4.) In the alternative, Plaintiff asks the Court to grant leave to amend the complaint. (Pl. Resp. at 5-6.) The Court addresses each cause of action in turn.

3 **Civil Action No. 13-cv-0331-GPC-KSC**

**1. Strict Products Liability**

The first cause of action is a strict products liability claim based on a defective manufacture theory. Plaintiff alleges that the defendants "did design did design, manufacture, assemble, install, inspect, repair, maintain, endorse, draft, test, franchise, supply, sell, lease, distribute and place into the stream of commerce the subject CH-53E Super Stallion helicopter, including the attendant hardware and appurtenances and component parts and other items and equipment attendant thereto, and including but not limited to, the landing gear systems and wiring, the landing gear assembly and the attendant hardware and appurtenances and component parts and other items and equipment attendant thereto." (Compl. at ¶ 10.) Plaintiff alleges at the time the products left the defendants hands, "said products were defective and unsafe in manufacture and design and lacked proper warnings." (Compl. at ¶ 12.) Plaintiff alleges that while Staff Sargeant Fontalvo was using the allegedly defective products, he was fatally injured as a result of the "defective and unsafe condition of said products and the component parts and equipment thereof." (Compl. at ¶ 15.)

Defendant argues the allegations merely state the elements of a claim for strict liability, and do not allege any facts that identify which components out of the thousands on the subject helicopter were defective, how the parts were defective, or why GE is responsible for any such defective component in particular. (MTD at 8.) Plaintiff responds that it has sufficiently plead facts that each of the defendants contributed to the design and manufacture of the Super Stallion that Sg. Fontalvo used, and as a result was fatally injured. (Pl. Resp. at 4.) Plaintiff also argues Defendants are well aware of the component parts at issue. (Id.)

/ / /

"A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." <u>Greenman v. Yuba Power Prods., Inc.</u>, 59 Cal.2d 57, 62 (1963). California recognizes three theories of product liability: design defect, manufacturing defect, and failure to warn. <u>Yalter v. Endocare</u>, 2004 WL 5237598 at *3 (C.D.Cal. Nov.8, 2004) (citing <u>Brown v. San Francisco</u>, 44 Cal.3d 1049 (1988)). Under the manufacturing defect theory, generally a manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line. <u>Lucas v. City of Visalia</u>, 726 F.Supp.2d 1149, 1154 (E.D.Cal.2010) (internal citations omitted). The manufacturing defect theory posits that a suitable design is in place, but that the manufacturing process has in some way deviated from that design. <u>Id.</u> at 1155. In order to state a claim for manufacturing defect, the allegations may not simply track the general elements of strict products liability without pertinent factual allegations. <u>Id.</u>

If Plaintiff intends to allege a manufacturing defect, it must state with some particularity how the defendants' product either deviated from GE's intended result or design or how the product deviated from other identical products. <u>See</u> <u>Lucas</u>, 726 F. Supp. 2d at 1155 ("For a strict products liability claim, plaintiff "must identify/ explain how the [product] either deviated from [defendant's] intended result/design or how the [product] deviated from other seemingly identical [product] models.") Plaintiff's complaint fails to sufficiently state what particular component or product was allegedly defective, much less allege how those components deviated from an intended result. Plaintiff simply alleges that GE and other defendants manufactured a defective product, the product was used

5 **Civil Action No. 13-cv-0331-GPC-KSC**

by Sgt. Fontalvo, and Sgt. Fontalvo suffered fatal injuries as a result. At a minimum, the complaint must sufficiently allege the underlying facts to give fair notice and enable GE and other defendants to defend themselves effectively. Starr v. Baca, 652 F.3d 1201, 1216 (9th Cir. 2011).

Plaintiff asserts that GE is well aware of the component parts at issue here. (Pl. Resp. at 3.) However, the complaint alleges a wide array of parts are in question, "including the attendant hardware and appurtenances and component parts and other items and equipment attendant thereto, and including but not limited to, the landing gear systems and wiring, the landing gear assembly and attendant hardware and appurtenances and component parts and other items and equipment attendant thereto." (Comp. at ¶ 10.) The U.S. military's investigative report, produced by Defendant Sikorsky on the previous motion before the Court, narrows the issue to a specific wiring component in the landing gear. (See Dkt. No. 19.) However, those specific allegations are not cited in Plaintiff's complaint. Upon close review of the complaint, the Court concludes dismissal of the first cause of action is appropriate because Plaintiff does not include factual allegations that identify what aspect of the subject component design and manufacture made it defective. Since it is not clear that amendment would be futile, the court will dismiss the complaint with leave to amend.

**2. Negligent Products Liability and Negligence**

Plaintiff's second cause of action is for negligent products liability and third cause of action is negligence. Plaintiff alleges Defendants "[N]egligently, carelessly, recklessly, and with gross negligence designed, manufactured, assembled, installed, inspected, maintained, endorsed, drafted, tested, franchised, supplied, sold, leased, distributed and placed into the stream of commerce, and negligently failed to warn relative to the said products and the component parts

6 **Civil Action No. 13-cv-0331-GPC-KSC**

and equipment thereof, and otherwise so negligently conducted themselves, so as to directly and legally cause the accident and injuries and damages to plaintiffs as described herein." (Compl. at ¶ 23.)

In a negligent products liability claim, the "manufacturer has a duty to use reasonable care to give warning of the dangerous condition of the product or of facts which make it likely to be dangerous to those whom he should expect to use the product or be endangered by its probable use, if the manufacturer has reason to believe that they will not realize its dangerous condition." Artiglio v. General Electric Co., 61 Cal.App.4th 830, 835 (1998); Putensen v. Clay Adams, Inc., 12 Cal.App.3d 1062, 1076–77 (1970). In other words, "[n]egligence law in a failure-to-warn case requires a plaintiff to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about." Carlin v. Superior Court, 13 Cal.4th 1104, 1112 (1996). Under a negligence theory, plaintiff must plead facts would allow the court to draw the reasonable inference that the defendants (1) negligently designed or manufactured the product; (2) Defendants were negligent in designing or manufacturing the product; (3) Plaintiff was harmed; and (4) Defendant's negligence was a substantial factor in causing Plaintiff's harm. See Judicial Council of California Civil Jury Instructions § 1220 (2013).

Here, Plaintiff fails to plead any facts suggesting how GE or any of the defendants negligently designed or manufactured the product. A bare allegation that defendants were negligent in their design is an insufficient legal conclusion. Plaintiff's second and third claims are also dismissed with leave to amend.

///
///

7            **Civil Action No. 13-cv-0331-GPC-KSC**

### 3. Breach of Warranty

Plaintiff's fourth cause of action is for breach of warranty. In the complaint, Plaintiff alleges each Defendant expressly and impliedly warranted and advertised orally and in writing that the subject CH-53E Super Stallion helicopter and its component parts and equipment thereof, its service, maintenance and the repairs performed on it were proper and safe for the product's intended use and was of a merchantable quality . . . warranted to not have any defects . . . and Sargaent Fontalvo relied upon said warranties." (Compl. ¶ 32.) "The said warranties and representations were breached because the subject CH-53E Super Stallion helicopter and its component parts and equipment were not fit for the use for which they were intended due to the defects contained herein." (Compl. ¶ 33.)

To state a claim for breach of warranty, Plaintiff must allege that the (1) Defendant made a statement or promise received by the Plaintiff that the product had the alleged express warranty; (2) The product did not perform as stated; (3) Plaintiff took reasonable steps to notify Defendant that the product was not as represented whether or not Defendant received notice; (4) Plaintiff was harmed; and (5) Failure of the product to be as represented was a substantial factor in causing Plaintiff's harm. See Judicial Council of California Civil Jury Instructions § 1220 (2013).

Again, Plaintiff's complaint fails to state any additional facts to support the legal elements of the claim. "[T]hreadbare recitals of elements of a cause of action" does not suffice. Iqbal, 556 U.S. at 678. Although the pleading standard Rule 8 announces does not require "detailed factual allegations," it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). For this reason, the Court dismisses Plaintiff's fourth cause of action with leave to amend.

8 **Civil Action No. 13-cv-0331-GPC-KSC**

### 5. "Survivor Action"

Plaintiff's final cause of action is pursuant to Cal. Civ. Proc. Code § 377.11, 377.20, 377.330 and 377.34. Under California law "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20 (West). "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to Chapter 1 (commencing with Section 7000) of Part 1 of Division 7 of the Probate Code, and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30 (West). The law further provides for damages recoverable in that they "are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement." Cal. Civ. Proc. Code § 377.34 (West)

Plaintiff's complaint restates the factual allegations of the previous causes of actions – namely, that Sgt. Fontalvo was fatally injured as a result of the Defendants' actions. While Plaintiff "brings this survivor action as the successor in interest to the action of Staff Sargeant Alexis Fontalvo, deceased," pursuant to the aforementioned statutes, Plaintiff does not assert any additional causes of action or surrounding facts. Accordingly, Plaintiff has failed to sufficiently state a claim for a "survivor action." The Court dismisses the final cause of action with leave to amend.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant GE's motion to dismiss **WITH LEAVE TO AMEND**. (Dkt. No. 13.)

9                           **Civil Action No. 13-cv-0331-GPC-KSC**

If Plaintiff wishes to file an amended complaint, Plaintiff **SHALL FILE** an amended complaint within twenty days of this order being electronically docketed.

The hearing date on this matter for Friday, August 16, 2013 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 15, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge

10 **Civil Action No. 13-cv-0331-GPC-KSC**