1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   DOMINIC FONTALVO, a minor, by        CASE NO. 13cv0331-GPC-KSC
     and through his Guardian Ad Litem,
11   NORMA FONTALVO, individually        **ORDER:**
     and as successor in interest to Alexis
12   Fontalvo, deceased,                 **1) DENYING DEFENDANT E.I. DU
                                         PONT DE NEMOURS AND
13                            Plaintiffs, COMPANY'S MOTION TO
                                         DISMISS PLAINTIFF'S SIXTH
14         vs.                           CAUSE OF ACTION**

15                                        [Dkt. No. 41.]

16
                                         **2) GRANTING IN PART AND
17   SIKORSKY AIRCRAFT                    DENYING IN PART DEFENDANT
     CORPORATION; SIKORSKY               PKL SERVICES INC.'S MOTION
18   SUPPORT SERVICES, INC.;             TO DISMISS PLAINTIFF'S FIRST
     UNITED TECHNOLOGIES                 THROUGH FOURTH AND SIXTH
19   CORPORATION; G.E. AVIATION          CAUSE OF ACTION**
     SYSTEMS, LLC; DU PONT
20   AEROSPACE CO.; E.I. DU PONT          [Dkt. No. 42.]
     DE NEMOURS AND COMPANY;
21   PKL SERVICES, INC.; and DOES 1
     through 100, Inclusive,
22
                            Defendants.
23

24         Presently before the Court are two separate motions to dismiss portions of

25   Plaintiffs Dominic Fontalvo and Norma Fontalvo's Amended Complaint, filed by

26   Defendants E.I Du Pont De Nemours, (Dkt. No. 41) and PKL Services Inc., (Dkt. No.

27   42). The Parties have fully briefed both motions. (See Dkt. Nos. 48, 49; Dkt. Nos. 47,

28   50.) The Court finds the matter suitable for resolution without oral argument pursuant

to Local Civil Rule 7.1(d)(1). Based on the allegations in Plaintiffs' Amended Complaint, the Parties' respective briefing, and the applicable law, the Court DENIES Defendant E.I. Du Pont De Nemours' motion to dismiss, (Dkt. No. 41), and GRANTS in part and DENIES in part Defendant PKL Services Inc.'s motion to dismiss, (Dkt. No. 42).

## BACKGROUND

This action arises from the March 17, 2011 death of United States Marine Corps Staff Sergeant Alexis Fontalvo ("Decedent") in a helicopter accident.  (Dkt. No. 39, Amended Compl. ¶ 16.) Plaintiff Dominic Fontalvo, Decedent's sole child, brings this action by and through his grandmother and Guardian ad Litem, Norma Fontalvo (collectively, "Plaintiffs"). (Id. ¶¶ 3-4.)

Plaintiffs allege the helicopter accident at issue occurred when the "wire path leading to the landing gear was subject to an unplanned and uncommanded energization, which caused the left main landing gear to retract while decedent . . . was beneath the subject CH-53E Super Stallion helicopter." (Id. ¶ 16.) According to Plaintiffs, the helicopter crushed Decedent's arm, immobilizing him as the weight of the helicopter "came down on his body." (Id.) Decedent sustained "blunt force polytrauma and injuries including but not limited to skull fractures, spinal fractures and separation of [Decedent's] brain stem from his spinal cord, such massive injuries being fatal in nature." (Id.)

On January 25, 2013, Plaintiffs filed this action in California Superior Court. (Dkt. No. 1, Ex. A.) On February 11, 2013, Defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., and United Technologies Corporation removed this action to federal court. (Dkt. No. 1.) After this Court denied Plaintiffs' motion to remand, (Dkt. No. 31), and granted Defendant GE Aviation's motion to dismiss Plaintiffs' Complaint, (Dkt. No. 38), Plaintiffs filed an Amended Complaint on August 22, 2013. (Dkt. No. 39.) The Amended Complaint is the current operative complaint, and alleges six separate causes of action: (1) Strict Products

Liability under a design defect theory; (2) Strict Products Liability under a manufacturing defect theory; (3) Negligent Products Liability under a negligent design theory; (4) Negligent Products Liability under a negligent manufacturing theory; (5) Negligence; and (6) a Survivor Action pursuant to California Code of Civil Procedure § 377.11 et seq. (See Dkt. No. 39.)

On September 5, 2013, Defendant E.I. Du Pont De Nemours and Company ("E.I Du Pont") filed a motion to dismiss Plaintiffs' sixth cause of action pursuant to Federal Rules of Civil Procedure 12(b)(6). (Dkt. No. 41.) Defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., United Technologies Corporation, and G.E. Aviation Systems, LLC have filed two separate notices of joinder to Defendant E.I. Du Pont's motion to dismiss. (Dkt. Nos. 43, 44.)

Also on September 5, 2013, Defendant PKL Services, Inc. ("PKL") filed a separate motion to dismiss the First through Fourth and Sixth causes of action against PKL as alleged in Plaintiffs' Amended Complaint. (Dkt. No. 42.) PKL also joins, and incorporates by reference, Defendant E.I. Du Pont's motion to dismiss Plaintiffs' sixth cause of action. (Dkt. No. 42-1 at 8-9.)

## DISCUSSION

### I.   Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

1  Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when

2  the plaintiff pleads factual content that allows the court to draw the reasonable

3  inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

4  556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

5       However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle

6  [ment] to relief' requires more than labels and conclusions, and a formulaic

7  recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at

8  555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A

9  court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. In spite of

10  the deference the court is bound to pay to the plaintiff's allegations, it is not proper

11  for the court to assume that "the [plaintiff] can prove facts that [he or she] has not

12  alleged or that defendants have violated the . . . laws in ways that have not been

13  alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of

14  Carpenters, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are

15  merely consistent with a defendant's liability, it stops short of the line between

16  possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting

17  Twombly, 550 U.S. at 557) (internal quotation marks omitted).

18  **II.    Analysis**

19       Defendant PKL seeks to dismiss Plaintiffs' first through fourth causes of

20  action on the ground that Plaintiffs have not set forth specific facts related to PKL

21  in relation to those causes of action. (Dkt. No. 42-1 at 4.) In addition, Defendant

22  PKL, (id. at 8) and Defendant E.I. Du Pont, (Dkt. No. 41), move to dismiss

23  Plaintiffs' sixth cause of action on the ground that Plaintiffs' allegations establish

24  that Decedent did not suffer damages prior to his death and thus Plaintiffs may not

25  maintain a survivor action under California Code of Civil Procedure section 377.11.

26  Defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., United

27  Technologies Corporation, and G.E. Aviation Systems, LLC join Defendant E.I. Du

28  Pont's motion to dismiss Plaintiffs' sixth cause of action. (Dkt. Nos. 43, 44.)

### A.    Allegations against PKL

PKL argues Plaintiffs' first through fourth causes of action fail to specify how PKL's actions or responsibilities pertain to Plaintiffs' theories of strict or negligent products liability due to design or manufacturing defects. (Dkt. No. 42-1 at 5.) PKL argues Plaintiffs' only allegation related specifically to PKL alleges that PKL was "responsible solely for after-market **maintaining and inspecting** the helicopter." (Id.) (emphasis in original) (citing Amended Compl. ¶ 50). In addition, PKL argues Plaintiffs' second through fourth causes of action fail to mention PKL, though the causes of action specifically identify the other named Defendants. (Id. at 7.)

Plaintiffs respond that the Amended Complaint pleads that "each of the defendants, including PKL, participated in the design, manufacture and distribution of the defective Super Stallion helicopter (and its components)," and that Plaintiffs' allegations must be treated as true for the purposes of the present motions to dismiss. (Dkt. No. 47 at 2-3.)

The Court first notes that PKL has failed to offer any authority for its assertion that Plaintiffs must include "specific allegation[s]"; "specifically identify PKL's responsibility regarding the helicopter"; or "identify with particularity" PKL's responsibilities. (See Dkt. No. 42-1 at 6-7.) Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted); cf. Fed. R. Civ. P. 9(b) (requiring allegations of fraud or mistake to be alleged with particularity).

However, the Court agrees that Plaintiffs have failed to meet the requirements of Rule 8(a) with respect to PKL's role in the first through fourth causes of action alleged in Plaintiffs' Amended Complaint. As PKL notes, Plaintiffs' Amended Complaint mentions PKL in two paragraphs of the first through fourth causes of

action: (1) to identify the PKL as a corporation that was "in the business of" conducting a list of activities in California at the relevant times, (Amended Compl. ¶ 9); and (2) in a list of all Defendants stating that the Defendants "did design, manufacture, assemble, install, inspect, repair, maintain, endorse, draft, test, franchise, supply, sell, lease, distribute and place into the stream of commerce the subject CH-53E Super Stallion helicopter. . ." (Id. ¶ 11.) This undifferentiated pleading of broad allegations against all defendants fails to give PKL notice of Plaintiffs' claims against PKL. See Corazon v. Aurora Loan Servs., LLC, No. 11-00542 SC, 2011 WL 1740099 at *4 (N.D. Cal. May 5, 2011) (citing Aaron v. Aguirre, No. 06-CV-1451, 2007 WL 959083 (S.D. Cal. Mar. 8, 2007)). Although the Court must take Plaintiffs' factual allegations as true, see Cahill, 80 F.3d at 337-38, PKL must have fair notice of Plaintiffs' claims against it beyond an inclusive list of sixteen verbs alleged generally against all Defendants.[1] Accordingly, the Court GRANTS Defendant PKL's motion to dismiss Plaintiffs' first through fourth causes of action as alleged against PKL in Plaintiffs' Amended Complaint.

**B.   Survival Action**

In addition to PKL's challenge to the allegations against PKL, all named Defendants move to dismiss Plaintiffs' sixth cause of action, titled "Survivor Action Pursuant to Code of Civil Procedure section 377.11, et [seq.]," (Amended Compl. at 20), in its entirety. Defendants argue a "survival action" under section 377.11 et seq. requires a showing that the decedent sustained or incurred loss or damage prior to death, not including pain, suffering, or disfigurement. (Dkt. No. 42-1 at 9; Dkt. No. 41-1 at 4) (citing Cal. Code Civ. P. § 377.34). According to Defendants, Plaintiffs' allegations indicate Decedent's fatal injuries were "immediate and sudden," such that Decedent "could not have incurred any 'loss or damage' prior to his death." (Dkt. No. 41-1 at 5.)

---

[1]The Court notes, as PKL does, that this is in contrast to Plaintiffs' allegations that PKL negligently failed to properly inspect and maintain landing gear systems as alleged in Plaintiffs' fifth cause of action. (See Amended Compl. ¶ 50.)

1    Plaintiffs respond that Defendants' motion is based on an inference of
2  immediate death that does not necessarily follow from Plaintiffs' pled allegations.
3  (Dkt. No. 48 at 2.) The Court agrees. According to Defendants, the Court may infer
4  from Plaintiffs' allegation that Decedent suffered "blunt force polytrauma, skull
5  fractures, spinal fractures, brain stem-spinal cord separation and death," (Amended
6  Compl. ¶ 25), that Decedent's death was immediate. (See Dkt. No. 41-1 at 5.)
7  However, on a motion to dismiss, the Court must draw all reasonable inferences
8  from these allegations in favor of Plaintiffs, as the nonmoving party. Cahill v.
9  Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).While Plaintiffs
10  certainly allege Decedent's injuries were serious and fatal, nowhere in Plaintiffs'
11  Amended Complaint do Plaintiffs allege Decedent's death occurred suddenly or
12  immediately. In fact, as Defendants acknowledge, Plaintiffs allege Decedent
13  "incurred expenses for medical and related care costs during the period of disability
14  before he died," (Amended Compl. ¶ 58), and that after Decedent's accident,
15  Decedent "was unable to engage fully in his occupation," (id. ¶ 59).

16    Accordingly, the Court DENIES Defendants' motion to dismiss the sixth
17  cause of action in Plaintiffs' Amended Complaint.

18  **III.    Leave to Amend**

19    Finally, the Court must determine whether to grant Plaintiffs leave to amend
20  the Amended Complaint to cure the deficiencies related to Plaintiffs' allegations
21  against Defendant PKL. In fact, a "district court should grant leave to amend even if
22  no request to amend the pleading was made, unless it determines that the pleading
23  could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203
24  F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d
25  494, 497 (9th Cir. 1995)). Finding Plaintiffs' pleading defects curable, the Court
26  grants Plaintiffs leave to amend the Amended Complaint.
27  //
28  //

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court hereby:

1. **GRANTS** in part and **DENIES** in part Defendant PKL's motion to dismiss. (Dkt. No. 42.) Plaintiffs' first through fourth causes of action as alleged against PKL in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE.** In all other respects, the motion is **DENIED.**

2. **DENIES** Defendant E.I. Du Pont's motion to dismiss the sixth cause of action in Plaintiffs' Amended Complaint. (Dkt. No. 41.)

Plaintiffs may proceed on their remaining claims in the Amended Complaint. Alternatively, Plaintiff is GRANTED thirty (30) days from the date of this Order to file a Second Amended Complaint addressing the deficiencies detailed herein.

**IT IS SO ORDERED.**

DATED:  June 20, 2014

HON. GONZALO P. CURIEL
United States District Judge