1

2

3

4

5

6               UNITED STATES DISTRICT COURT

7              SOUTHERN DISTRICT OF CALIFORNIA

8   DOMINIC FONTALVO, a minor, by          CASE NO. 13cv0331-GPC-KSC
    and through his Guardian Ad Litem,
9   NORMA FONTALVO, individually           **ORDER:**
    and as successor in interest to Alexis
10  Fontalvo, deceased,                    **1) GRANTING UNOPPOSED
                                           MOTION FOR LEAVE TO AMEND
11                          Plaintiffs,    THE COMPLAINT**

12      vs.                                [Dkt. No. 64]

13                                         **2) VACATING MOTION HEARING**

14  SIKORSKY AIRCRAFT
    CORPORATION; SIKORSKY
15  SUPPORT SERVICES, INC.;
    UNITED TECHNOLOGIES
16  CORPORATION; G.E. AVIATION
    SYSTEMS, LLC; DU PONT
17  AEROSPACE CO.; E.I. DU PONT
    DE NEMOURS AND COMPANY;
18  PKL SERVICES, INC.; and DOES 1
    through 100, Inclusive,
19
                           Defendants.
20

21      On September 23, 2014, Plaintiff Dominic Fontalvo, by and through his current

22  guardian ad litem Norma Fontalvo as well as his natural guardian and custodian

23  Tashina Amador filed a motion for leave to file a Second Amended Complaint pursuant

24  to Federal Rules of Civil Procedure 15 and 19. (Dkt. No. 64.) Defendants Sikorsky

25  Aircraft Corporation, Sikorsky Support Services, Inc., United Technologies

26  Corporation, GE Aviation Systems, LLC, E.I. Du Pont de Nemours and Company, and

27  PKL Services, Inc. (collectively, "Defendants") have filed four separate notices of non-

28  opposition to Plaintiff's motion. (Dkt. Nos. 66, 67, 68, 69.) The Court finds the matter

suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the Court GRANTS Plaintiff's unopposed motion. (Dkt. No. 64.)

### LEGAL STANDARD

Under Federal Rules of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b)(e) or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, because more than 21 days have passed since the filing of the responsive pleadings, Plaintiffs require either consent of Defendants or leave from this Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a) (2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. Id. However, after a defendant files a responsive pleading, leave to amend should not be granted if "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002) (citing Yakima Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### DISCUSSION

Plaintiff Dominic Fontalvo seeks to amend the First Amended Complaint in this matter to "accomplish two necessary goals": (1) to substitute his mother, Tashina Amador, substituted for his grandmother, Norma Fontalvo, as his Guardian Ad Litem; and (2) to add his half-sister Tanika Long as a plaintiff in the present matter. (Dkt. No. 64-1 at 2.)

## I.      Guardian ad Litem

Pursuant to Federal Rule of Civil Procedure 17, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Dominic Fontalvo is domiciled in California. (Dkt. No. 39 at ¶5.) Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings, and the court may appoint a guardian ad litem to represent the minor's interests. Cal. Fam.Code § 6601; Cal.Code Civ. P. § 372(a).

Here, Tashina Amador is the biological mother and "full legal custodian" of Plaintiff Dominic Fontalvo. (Dkt. No. 64-2 ¶ 2.) Plaintiff is a minor child born after 2007, well under the age of eighteen. (Id. ¶¶ 7, 9.) Therefore, Plaintiff's ability to bring suit is contingent upon appointment by the court of a guardian ad litem. The Court's review of Ms. Amador's declaration shows that Ms. Amador is qualified to serve as guardian ad litem for her son. The Court finds no conflicts of interest between Plainitff and Ms. Amador, and therefore finds Ms. Amador's appointment as guardian ad litem for Plaintiff Dominic Fontalvo appropriate. See, e.g., Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent . . . who has the same interests as the child there is no inherent conflict of interest."); see also Anthem Life Ins. v. Olguin, 2007 WL 1390672 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem.").

## II.     Joinder of Tanika Long

California law permits only one action for wrongful death. Cross v. Pacific Gas & Elec. Co., 60 Cal. 2d 690, 694 (1964). All heirs are necessary parties and "plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death. If an heir refuses to participate in the suit as a plaintiff, he or she may

1  be named as a defendant so that all heirs are before the court in the same action. An

2  heir named as a defendant in a wrongful death action is, in reality, a plaintiff."

3  Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808 (1997). An heir, though named

4  as a nominal defendant, may recover against the wrongful death action plaintiffs if the

5  nominal defendant is not properly joined in the action. Likewise, if not named in the

6  wrongful death action but the defendants are on notice of the omitted heir, the

7  "one-action" rule cannot be invoked to prevent a further liability being imposed on the

8  defendants. Thus, it behooves all of the parties in this case to ensure that Tanika Long

9  is a party to this action. See Cotta v. Robinson, No. 1:13-CV-00359-LJO-SMS, 2014

10  WL 4249144 at *4 (E.D. Cal. Aug. 27, 2014).

11       As noted above, Defendants have filed respective notices of non-opposition to

12  Plaintiff's motion. The Court therefore finds no evidence that allowing amendment of

13  Plaintiff's First Amended Complaint in this case will cause prejudice to an opposing

14  party; that Plaintiff seeks amendment in bad faith; that amendment is futile, or that

15  amendment creates undue delay. See Madeja, 310 F.3d at 636. Having found Plaintiff's

16  sought amendments warranted, and that there exists no prejudice, bad faith, futility, or

17  delay, the Court GRANTS Plaintiff's motion.

18  **CONCLUSION AND ORDER**

19       For the foregoing reasons, the Court hereby:

20       1. **GRANTS** Plaintiff's unopposed motion to file his proposed Second Amended

21  Complaint, (Dkt. No. 64); and

22       2. **VACATES** the motion hearing set for Friday, October 24 at 1:30 p.m.

23       The Clerk of Court SHALL FILE Plaintiff's proposed Second Amended

24  Complaint, (Dkt. No. 64-3), as a separate docket entry.

25       **IT IS SO ORDERED.**

26  DATED: October 9, 2014

27

28                           HON. GONZALO P. CURIEL
                                 United States District Judge

      13cv0331-GPC-KSC