Bruce Cleeland (Bar No. 100524)
bcleeland@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California 92614
Telephone: 714.426.4600
Facsimile: 714.754.0826

Attorneys for Defendant PKL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC FONTALVO, a minor, by and through his Guardian Ad Litem, TASHINA AMADOR, individually and as successor in interest in Alexis Fontalvo, deceased, and TANIKA LONG, a minor, by and through her Guardian Ad Litem, TASHINA AMADOR<br><br>Plaintiff,<br><br>v.<br><br>SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT SERVICES, INC.; UNITED TECHNOLOGIES CORPORATION; G.E. AVIATION SYSTEMS, LLC; DUPONT AEROSPACE CO.; E.I. DUPONT DE NEMOURS AND COMPANY; PKL SERVICES INC., and DOES 1 through 100, Inclusive<br><br>Defendants. | Case No. 3:13-cv-00331-GPC-KSC<br><br>**DECLARATION OF JOHN MCKEON IN SUPPORT OF DEFENDANT PKL SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed Concurrently with Notice of Motion and Motion for Summary Judgment; Separate Statement of Undisputed Material Facts; Declaration of Bruce Cleeland; Proposed Order*<br><br>Date:   May 26, 2017<br>Time:   1:30 p.m.<br>Crtrm.:  2D<br><br>The Hon. Gonzalo P. Curiel |

/ / /

/ / /

/ / /

/ / /

# DECLARATION OF JOHN MCKEON

I, John McKeon, declare as follows:

1. I am currently a Recruiter for Defendant PKL Services, Inc. ("PKL"), a party to this action. Between January 2009 and August 2014, I worked for PKL as its CH-53E/CH-46E United States Marine Corp ("USMC") RESET Project Manager. In this capacity, I oversaw and managed 134 RESET personnel and all contract requirements at four CONUS (contiguous United States) locations and two overseas locations (Iraq/Afghanistan). I also managed scheduled and unscheduled maintenance requirements which included 226 RESET inspections and 554 Phase maintenance requirements for the entire USMC inventory of CH-46E and CH-53E aircrafts. Attached hereto as **Exhibit "1"** is a true and correct copy of my resume. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of PKL's Motion For Summary Judgment.

2. With respect to the CH-53E Super Stallion helicopter involved in Alexis Fontalvo's ("Fontalvo") incident (the "Helicopter") on March 17, 2011, PKL was only responsible for performing maintenance on the Helicopter pursuant to the specific tasks delineated on the inspection cards provided by the USMC in the RESET Report. In other words, all RESET inspection work performed by PKL was directed by specific maintenance cards. In essence, PKL mechanics review the specific tasking on the inspection cards that the USMC provides and accomplishes these tasks as specified in the inspection cards.

3. The RESET Report segregates maintenance tasks into four phases: (1) Phase A, (2) Phase B, (3) Phase C, and (4) Phase D. Each phase has its own set of maintenance cards with specified tasks to be performed.

4. The "Command Investigation into the Facts and Circumstances Surrounding the Class "A" CH-53E Aircraft Mishap and Death of Sergeant Alexis Fontalvo XXX XX 2071/6153 USMC on 17 March 2011" ("Command Investigation Report") references probable arcing on a section of Kapton wiring located in the fuselage of the Helicopter that was a part of a "harness of wires" which would have been replaced in Phase III of the Kapton wiring replacement program. The Kapton wiring replacement program is separate from the maintenance program delineated in the RESET Report.

5. PKL did not participate in any maintenance activities relating to the section of Kapton wire referenced in the Command Investigation Report which Plaintiffs Dominic Fontalvo and Tanika Long (collectively, "Plaintiffs") contend caused Fontalvo's death.

6. Additionally, PKL was not asked to perform any maintenance on the section of Kapton wire referenced in the Command Investigation Report which Plaintiffs contend caused Fontalvo's death.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of March, 2017, at Poway, California.

John McKeon   3/29/2017