| | |
|---|---|
| 1 | LAWRENCE P. GRASSINI — Cal. SBN 49046 |
| 2 | LARS C. JOHNSON — Cal. SBN 205712 |
|   | MARSHALL J. SHEPARDSON — Cal. SBN 263637 |
| 3 | GRASSINI, WRINKLE & JOHNSON |
|   | 20750 Ventura Boulevard, Suite 221 |
| 4 | Woodland Hills, CA  91364-6235 |
|   | Tel:   (818) 348-1717 |
| 5 | Fax:  (818) 348-7921 |
|   | Email:  mail@grassinilaw.com |
| 6 | Attorneys for Plaintiff |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMINIC FONTALVO, a minor, by and through his Guardian Ad Litem, TASHINA AMADOR, individually and as successor in interest to Alexis Fontalvo, deceased, and TANIKA LONG, a minor, by and through her Guardian Ad Litem, TASHINA AMADOR, | Case No.: 3:13-cv-00331-GPC-KSC |
| Plaintiff, | Judge: Hon. Gonzalo P. Curiel |
| vs. | **DECLARATION OF JOHN BLOOMFIELD IN OPPOSITION TO SIKORSKY'S MOTION FOR SUMMARY JUDGMENT** |
| SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT SERVICES, INC.; UNITED TECHNOLOGIES CORPORATION; G.E. AVIATION SYSTEMS, LLC; DUPONT AEROSPACE CO.; E.I. DUPONT DE NEMOURS AND COMPANY; PKL SERVICES, INC.; and DOES 1 through 100, Inclusive, | |
| Defendants. | |

DECLARATION                                    CASE NO. 3:13-CV-00331-GPC-KSC

Pursuant to 28 U.S.C. § 1746, I, John Bloomfield, declare:

1. I am an Electromechanical Systems and Aviation specialist, and an expert retained the plaintiffs in this action to testify regarding design and engineering issues on the CH-53E helicopter, accident reconstruction, and mishap investigation.

2. I submit this Declaration in opposition to the Motion of defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., and United Technologies Corporation (collectively, "Sikorsky") for summary judgment.

3. According to Sikorsky's expert John Wakefield, in his Declaration in Support of the Motion for Summary Judgment, the CH-53E differs from the -53D in several key respects. One such difference is that the hydraulic manifold components in the -53E were consolidated into a single, unified "module." (Wakefield Exhibit 12 (SER-13300), Sec. 3.1.74.) The ultimate design implementation of this principle included the fatal vertical juxtaposition of plugs P494 and P495 that I criticize in my Expert Report.

4. The variances between the wiring designs of the -53D and -53E are discernible in the schematic depictions of those systems. Exhibit 1 hereto is the Landing Gear System schematic pertaining to the R-/CH-53D [SIK024984]. Exhibit 2 hereto is the Landing Gear Control schematic pertaining to the CH-53E [SIK008384].

5. The hydraulic utility manifold ("UM") is identified on both of these schematics (highlighted in yellow on both Exhibits hereto). It is readily apparent on Exhibit A that the up- and down-command landing gear controls of the -53D were both connected to the UM via a single plug, designated "P499" (highlighted in red on Exhibit 1). This is materially different from the -53E, in which the up- and down-command wires were connected to the UM via separate plugs, designated "P494" and "P495" (highlighted in red and green, respectively, in Exhibit 2).

1    6.    This unique configuration of the -53E's wiring design, methods and manufacture is what led to the mishap in this case, because the wire strands leading to plugs P494 and P495 became denuded due to friction and chafing, permitting a short-circuit.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on July 3, 2017, at BROOMFIELD, CO.

_____
JOHN W. BLOOMFIELD III

DECLARATION                                                        CASE NO. 3:13-CV-00331-GPC-KSC

3