**James W. Hunt – SBN 122582**
james.hunt@fitzhunt.com
**Christopher S. Hickey – SBN 198938**
christopher.hickey@fitzhunt.com
**FITZPATRICK & HUNT,**
**PAGANO, AUBERT, LLP**
633 West Fifth Street, 60th Floor
Los Angeles, CA 90071
Tel.: (213) 873-2100 / Fax: (213) 873-2125

Attorneys for Defendants
**SIKORSKY AIRCRAFT CORPORATION**
**AND UNITED TECHNOLOGIES CORPORATION**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.F., a minor, by and through his Guardian Ad Litem, TASHINA AMADOR, individually and as successor in interest to Alexis Fontalvo, deceased, and T.L., a minor, by and through her Guardian Ad Litem, TASHINA AMADOR,<br><br>Plaintiffs,<br><br>vs.<br><br>SIKORSKY AIRCRAFT CORPORATION, et al.,<br><br>Defendants. | Case No. 13-cv-00331-GPC-KSC<br><br>Judge: Hon. Gonzalo P. Curiel<br>Magistrate: Hon. Karen S. Crawford<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIKORSKY'S MOTION *IN LIMINE* NO. 2 - MOTION TO EXCLUDE PREJUDICIAL PHOTOS, VIDEOS AND TESTIMONY**<br><br>*[Filed Concurrently with Notice of Motion and Motion]*<br><br>Date: April 6, 2018<br>Time: 1:30 p.m.<br>Courtroom: 2D |

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Evidence 402 and 403, Defendants Sikorsky Aircraft Corporation and United Technologies Corporation (collectively "Sikorsky") hereby submit the following *Motion in Limine* to exclude irrelevant and highly prejudicial evidence, including "death scene photos" and testimony describing the decedent under the aircraft after it collapsed (including any description of a subsequent collapse of the aircraft during the recovery mission), autopsy photographs of the decedent, and any photographs and videos from the decedent's funeral (including tribute videos). Similarly, Sikorsky requests that any references to whether or not the decedent survived the initial collapse be excluded.

Plaintiffs' decedent was killed when a CH-53E cargo helicopter collapsed while he was attempting to remove the left main landing gear pin from underneath the aircraft. The weight of the helicopter caused blunt force trauma, killing him instantly. During the recovery mission, the fire department used an air bladder to lift the aircraft. However, a failure of the air bladder caused the helicopter to re-collapse on the decedent. The aircraft was eventually lifted using a stronger air bladder and reinforced with wooden trusses and a jack. Plaintiffs originally pursued a Survivor Action against Sikorsky in their Second Amended Complaint; however, following the Parties' stipulation, this Court dismissed with prejudice Plaintiffs' Survivor Action. (*See* ECF No. 119.)

Despite Plaintiffs' dismissal of their Survivor Action and this Court's Order, Plaintiffs intend on presenting to the jury a significant amount of irrelevant and highly inflammatory evidence that will indisputably prevent Sikorsky from having a fair trial. Specifically, Plaintiffs have identified and we ask the Court to exclude the following:

- **photographs of the decedent under the aircraft, including NCIS Report Enclosure MIL073354-073369 and MIL073375;**

- **the decedent's autopsy reports and accompanying autopsy photographs, including NCIS Report Enclosure MIL073415-073442;**
- **testimonial descriptions of the decedent under the aircraft after it collapsed, including any evidence regarding the subsequent collapse of the aircraft during the recovery mission;**
- **testimony regarding whether the decedent survived the initial collapse;**
- **photographs and videos from the decedent's funeral or photographs of his coffin; and**
- **tribute videos.**

**A. Photographs of Accident Scene and Autopsy.**

Accident scene photographs from the Navy's criminal NCIS investigation report, titled "Death Scene Photos" include over 40 color photographs of the decedent, including close up photographs of his face, body, and blood while he is pinned under the aircraft. The Navy's autopsy report includes detailed color photographs of the decedent's face, body, and gear following recovery from underneath the aircraft. These include numerous photographs of the decedent's unclothed body, his crushed face and skull, and his blood-soaked helmet.

These photographs should be excluded because they do not make any fact of consequence in this litigation more or less probable. Fed. R. Evid. 401 and 402. Sikorsky does not dispute that the decedent died in this incident. (*See* ECF No. 229 at p. 109.) Moreover, Plaintiffs are not pursuing a Survivor Action against Sikorsky, so the manner, cause, and time of death are not at issue. (*See* ECF No. 119.) As a result, these photographs are completely irrelevant. Fed. R. Evid. 401 and 402. To the extent Plaintiffs want to depict the accident site or wreckage for some other purpose, there are many photographs they can use which do not depict the decedent in this manner.

Besides lacking any relevance, photographs of this nature are inadmissible when they are of such "gruesome and horrifying nature that [their] probative value

is outweighed by the danger of inflaming the jury." *United States v. Brady*, 579 F.2d 1121, 1129 (9th Cir. 1978). These cumulative photographs depicting the deceased in such a manner should be excluded because they will cause the jury to decide the case on an emotional basis rather than on the evidence presented. Fed. R. Evid. 403. Because these particular photographs do not lend weight to any issues in this case and have no probative value, the danger of unfair prejudice to Sikorsky is compounded.

Plaintiffs should also be precluded from presenting any evidence or testimony describing the decedent's body under the aircraft under the initial collapse, including the subsequent collapse of the aircraft following the failure of the air bladder. As discussed above, Plaintiffs' Survivor Action was dismissed with prejudice. (*See* ECF 119.) Therefore, whether or not the decedent survived the initial collapse is wholly irrelevant to this case. Fed. R. Evid. 401 and 402. In addition, Sikorsky was not involved in the recovery mission, and Plaintiffs have not alleged so. This evidence, therefore, does not make the actual issues in this case more or less probable in any way. The only purpose of introducing emotional inflammatory evidence of the aircraft re-collapsing on the decedent would be to prejudice Sikorsky by eliciting a response from the jury that is not justified by the evidence. Fed. R. Evid. 403. Any reference to the subsequent collapse, or whether or not the decedent survived the initial collapse, is highly prejudicial, particularly in light of the fact that there is no Survivor Action.

**B. Photographs of decedent's funeral, coffin or tribute video.**

According to this Court's Pretrial Order, it appears that Plaintiffs also intend on showing the jury photos taken after the incident. (*See* ECF 229 at p. 30.) Although Plaintiffs intend on using this evidence at trial, Plaintiffs have not provided Sikorsky with these exhibits. Plaintiffs production, therefore, fails to give Sikorsky sufficient notice of the documents Plaintiffs will introduce at trail, fails to allow Sikorsky to meaningfully object specifically to the admissibility of those

documents, and fails to facilitate the introduction of evidence at trial as required by Federal Rules of Civil Procedure Rule 26(a)(3)(A)(iii). To the extent any of these photographs and videos include the decedent's funeral, including any photographs depicting the coffin and the emotional state of the guests that attended, or any tribute video, Sikorsky asks that they be excluded.

Besides the fact that Plaintiffs failed to provide Sikorsky with these exhibits, these photographs and videos should be excluded because they do not tend to make any fact of consequence in this litigation more or less probable. Fed. R. Evid. 401 and 402. This evidence will cause the jury to decide this case on an emotional basis rather than on the evidence presented. *Id*. at 403.

For the above reasons, Sikorsky respectfully requests that this Court grant its *Motion in Limine* No. 2 and exclude the following evidence and testimony: (1) photographs of the decedent under the aircraft, including NCIS Report Enclosure MIL073354-073369 and MIL073375; (2) the decedent's autopsy reports and accompanying autopsy photographs, including NCIS Report Enclosure MIL073415-073442; (3) testimonial descriptions of the decedent under the aircraft after it collapsed, including any evidence regarding the subsequent collapse of the aircraft during the recovery mission; (4) testimony regarding whether the decedent survived the initial collapse; (5) photographs and videos from the decedent's funeral or photographs of his coffin; and (6) tribute videos.

Dated: March 23, 2018

**FITZPATRICK & HUNT, PAGANO, AUBERT, LLP**

By: /s Christopher S. Hickey
James W. Hunt
Christopher S. Hickey
Attorneys for Defendants
Sikorsky Aircraft Corporation and
United Technologies Corporation