```
 1  James W. Hunt – SBN 122582
    james.hunt@fitzhunt.com
 2  Christopher S. Hickey – SBN 198938
 3  christopher.hickey@fitzhunt.com
    FITZPATRICK & HUNT,
 4  PAGANO, AUBERT, LLP
    633 West Fifth Street, 60th Floor
 5  Los Angeles, CA 90071
 6  Tel.: (213) 873-2100 / Fax: (213) 873-2125

 7  Attorneys for Defendants
    SIKORSKY AIRCRAFT CORPORATION
 8  AND UNITED TECHNOLOGIES CORPORATION
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.F., a minor, by and through his Guardian Ad Litem, TASHINA AMADOR, individually and as successor in interest to Alexis Fontalvo, deceased, and T.L., a minor, by and through her Guardian Ad Litem, TASHINA AMADOR,<br><br>              Plaintiffs,<br>vs.<br><br>SIKORSKY AIRCRAFT CORPORATION, et al.,<br><br>              Defendants. | Case No. 13-cv-00331-GPC-KSC<br><br>Judge: Hon. Gonzalo P. Curiel<br><br>**SIKORSKY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST THAT CERTAIN FACTS BE DEEMED ESTABLISHED PURSUANT TO RULE 56(g)** |

---

MEMORANDUM OF POINTS AND AUTHORITIES, RULE 56(g)        PAGE 1
CASE NO. 13-cv-00331-GPC-KSC

**TO THE COURT AND ALL COUNSEL OF RECORD:**

Pursuant to this Court's ruling at the April 27, 2018 pre-trial hearing, Defendants Sikorsky Aircraft Corporation and United Technologies Corporation ("Sikorsky") hereby submit this memorandum of points and authorities in support of their position that this Court has entered a Rule 56(g) Order, and that certain facts must be deemed established for trial as a result.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. LEGAL STANDARD

Under Rule 56(g), "[i]f the court does not grant all the relief requested by the motion [for summary judgment], **it may enter an order stating any material fact ... that is not genuinely in dispute** and treating the fact as established in the case." Fed. R. Civ. P. 56(g) (emphasis added). "The partial summary judgment is merely a determination before the trial that certain issues shall be deemed established in advance of the trial." *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981). This rule "was intended to avoid a useless trial of facts and issues over which there was never really any controversy and which would tend to confuse and complicate a lawsuit." *Id.*; *see also Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 (9th Cir. 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F.Supp.2d 1047, 1051–52 (C.D. Cal. 2011). "Inasmuch as it narrows the scope of the trial, a Rule 56(g) order may be compared to a pretrial order under Rule 16." Wright, 10B Fed. Prac. & Proc. Civ. § 2737; *see also Travelers Indem. Co. v. Erickson's, Inc.*, 396 F.2d 134, 136 (5th Cir. 1968) (stating that "an order of the type described in Rule 56(d) [now codified at Rule 56(g)], specifying facts established without controversy, [is] analogous to a pre-trial order under Rule 16.").

///
///
///
///

## II. ARGUMENT

### A. This Court's Partial Summary Judgment Order should be Considered a Rule 56(g) Order.

On October 30, 2017, this Court entered partial summary judgment in favor of Sikorsky on Plaintiffs' failure to warn claim, and entered an Order stating that "there is no genuine dispute" regarding the following material facts: (1) "Fontalvo had been instructed not to pull on a landing gear safety pin if it resists," and (2) "Fontalvo actually knew that it was dangerous to pull a resisting pin." (ECF No. 216 at p. 46.) In so ruling, the Court considered Plaintiffs' evidence of manual instructions and testimony of other Marines regarding their own training, and ultimately determined that this evidence did not "refute[] the assertion that Fontalvo actually knew that he should never pull out a resisting safety pin because Wilcox told him so," and that he knew it was dangerous to do so. (ECF No. 216 at p. 46.)

This partial summary judgment order finding "no genuine dispute" as the above material facts, is precisely the type of order that is described in Rule 56(g). Having entered this Order, the Court should now treat those facts as established in the case. Indeed, treating these facts as established for trial and "avoid[ing] a useless trial of facts and issues over which there was never really any controversy," is precisely the purpose and intent of a partial summary judgment order such as the one entered by this Court. *See Lies*, 641 F.2d at 769 n.3. Just as a Rule 16 order "controls the subsequent course of action," so should this Court's partial summary judgment order. *See Brook Village North Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 71 (1st Cir. 1982). As fully set forth in Sikorsky's Motion in Limine to Exclude Evidence Related to Plaintiffs' Failure to Warn Claim, Plaintiffs should not be permitted to re-litigate these facts over which there is no genuine dispute, and the jury should be instructed accordingly. (*See* ECF No. 233.)

///
///

## III. CONCLUSION

For the foregoing reasons, Sikorsky respectfully requests a ruling that the following facts are established in the case pursuant to Rule 56(g):

(1) Sgt Fontalvo had been instructed not to pull a landing gear safety pin if it resists.

(2) Sgt Fontalvo knew it was dangerous to pull a resisting landing gear safety pin.

Sikorsky further requests that the jury be instructed during the course of the trial that the above findings have been made by the Court, and that the jury instruction proposed by Sikorsky entitled "Judicial Finding" be adopted by the Court.

Dated: May 4, 2018

**FITZPATRICK & HUNT, PAGANO, AUBERT, LLP**

By: /s/ Christopher S. Hickey
James W. Hunt
Christopher S. Hickey
Attorneys for Defendants
Sikorsky Aircraft Corporation and
United Technologies Corporation

# CERTIFICATE OF SERVICE

**D. F., et al. v. Sikorsky Aircraft Corporation, et al.**
USDC – Southern Court Case No.: 13-cv-0331-GPC-KSC
Our File No.: 600,191

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 633 West Fifth Street, 60th Floor, Los Angeles, California 90071.

On **May 7, 2018**, I served the document described as **SIKORSKY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST THAT CERTAIN FACTS BE DEEMED ESTABLISHED PURSUANT TO RULE 56(g)** on the interested party(s) in this action, as follows:

**SEE ATTACHED SERVICE LIST**

___ **(By U.S. Mail)** By placing __ the original / __ a true copy thereof enclosed in a sealed envelope(s), with postage fully paid, addressed as per the attached service list, for collection and mailing at Fitzpatrick & Hunt, Pagano, Aubert, LLP in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**_X_ (By CM/ECF System)** I caused to be electronically filed a true and correct copy of the above-entitled document(s) with the Clerk of the Court using Case Management/Electronic Case Filing (CM/ECF), which will send notification that such filing is available for viewing and downloading to all counsel on record electronically as required by the Court on this matter, addressed as per the attached service list.

___ **(By Electronic Mail)** I served a true and correct copy of the above-entitled document(s) to the offices at the addressee(s) set forth on the attached service list via electronic mail on said day.

___ **(By FedEx)** I caused said envelope(s) to be sent via FedEx [Overnight] to the offices of the addressee(s) on the attached Service List.

**_X_ (FEDERAL)** I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on **May 7, 2018**, at Los Angeles, California.

*/s/ Espie Minassian*
Espie Minassian

## SERVICE LIST

**D.F., et al. v. Sikorsky Aircraft Corporation, et al.**
**USDC – Southern Court Case No.: 13-cv-0331-GPC-KSC**
**Our File No.: 600,191**

| **Attorney for Plaintiffs**<br>Lawrence P. Grassini<br>Lars C. Johnson<br>Marshall J. Shepardson<br>Grassini, Wrinkle & Johnson<br>20750 Ventura Boulevard, Suite 221<br>Woodland Hills, CA 91364-6235<br>Tel.: (818) 348-1717 / Fax: (818) 348-7921<br>Email: mshepardson@grassinilaw.com<br>         jjoel@grassinilaw.com<br>         mail@grassinilaw.com | |
|---|---|