

**FILED**

MAY 3 1 2018

CLERK, U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 D.F., a minor, by and through his Guardian Ad Litem, TASHINA AMADOR, individually and as successor in interest to Alexis Fontalvo, deceased; and T.L., a minor, by and through her Guardian Ad Litem, TASHINA AMADOR, | Case No.:  3:13-cv-00331-GPC-KSC |

D.F., a minor, by and through his
Guardian Ad Litem, TASHINA
AMADOR, individually and as successor
in interest to Alexis Fontalvo, deceased;
and T.L., a minor, by and through her
Guardian Ad Litem, TASHINA
AMADOR,

Case No.:  3:13-cv-00331-GPC-KSC

**VERDICT FORM**

Plaintiffs,

v.

SIKORSKY AIRCRAFT
CORPORATION, et al.,

Defendants.

1

We answer the questions submitted to us, as follows:

### Plaintiffs' Strict Liability Claim: Manufacturing Defect

1. Did the CH-53E landing gear control system at issue in this case contain a manufacturing defect when it left Sikorsky's possession?

   _____ Yes   \_\_\_\_X\_\_\_\_ No

   *If you answered Yes to question 1, then answer question 2.*

   *If you answered No to question 1, skip question 2 and answer question 3.*

2. Was that manufacturing defect a substantial factor in causing Sergeant Fontalvo's death?

   _____ Yes   _____ No

   *Regardless of your answer to question 2, answer question 3.*

### Plaintiffs' Strict Liability Claim: Design Defect

3. Is the CH-53E landing gear control system a product about which its ordinary consumer can form reasonable minimum safety expectations?

   \_\_\_\_X\_\_\_\_ Yes   _____ No

   *If you answered Yes to question 3, answer question 4.*

   *If you answered No to question 3, skip question 4 and answer question 5.*

4. Did the CH-53E landing gear control system at issue in this case fail to perform as safely as its ordinary consumer would have expected when used or misused in an intended or reasonably foreseeable way?

   \_\_\_\_X\_\_\_\_ Yes   _____ No

   *Regardless of your answer to question 4, answer question 5.*

5. Did the risks of the CH-53E landing gear control system's design outweigh the benefits of the design?

_____ Yes   ✕ _____ No

*If you answered Yes to either questions 4 or 5, answer question 6.*

*If you answered No to question 5, and you either did not answer or answered*

  *No to question 4, skip question 6 and answer question 7.*

6. Was the CH-53E landing gear control system's design a substantial factor in causing Sergeant Fontalvo's death?

_____ Yes   ✕ _____ No

*Regardless of your answer to question 6, answer question 7.*

## Plaintiffs' Negligence Claim

7. Was Sikorsky negligent in designing the CH-53E landing gear control system?

_____ Yes   ✕ _____ No

*If you answered Yes to question 7, answer question 8.*

*If you answered No to question 7, skip question 8 and answer question 9.*

8. Was Sikorsky's negligence in designing the CH-53E landing gear control system a substantial factor in causing Sergeant Fontalvo's death?

_____ Yes   _____ No

*Regardless of your answer to question 8, answer question 9.*

9. Was Sikorsky negligent in manufacturing, supplying, installing, or inspecting the CH-53E landing gear control system at issue in this case?

_____ Yes   ✕ _____ No

*If you answered Yes to question 9, answer question 10.*

3:13-cv-00331-GPC-KSC

*If you answered No to question 9, and you answered Yes to any of questions 2,*
*6, or 8, skip question 10 and proceed to the following section.*

*If you answered No to question 9, and you either did not answer or answered*
*No to all of questions 2, 6, and 8, stop here, answer no further questions,*
*and have the presiding juror sign and date this form.*

10. Was Sikorsky's negligence in manufacturing, supplying, installing, or inspecting the CH-53E a substantial factor in causing Sergeant Fontalvo's death?

_____ Yes   _____ No

*If you answered Yes to question 10, proceed to the next section.*

*If you answered No to question 10, and you answered Yes to any of questions 2,*
*6, or 8, proceed to the next section.*

*If you answered No to question 10, and you either did not answer or answered*
*No to all of questions 2, 6, and 8, stop here, answer no further questions,*
*and have the presiding juror sign and date this form.*

## Sikorsky's Affirmative Defenses

*If you answered Yes to questions 6 or 8, answer question 11.*

*If you either did not answer or answered No to questions 6 and 8, skip*
*questions 11 through 13, and answer question 14.*

11. Did the United States approve reasonably precise specifications for the CH-53E landing gear control system?

_____ Yes   _____ No

*If you answered Yes to question 11, answer question 12.*

*If you answered No to question 11, skip questions 12 and 13, and answer*
*question 14.*

4

12. Did the landing gear control system of the CH-53E at issue in this case conform to the government's specifications?

_____ Yes  _____ No

*If you answered Yes to question 12, answer question 13.*

*If you answered No to question 12, skip question 13, and answer question 14.*

13. Did Sikorsky warn the United States about dangers of the CH-53E's landing gear configuration that were known to Sikorsky but not the United States?

_____ Yes  _____ No

*Regardless of your answer to question 13, if you answered Yes to either questions 2 or 10, answer question 14.*

*If you answered Yes to question 13, and you either did not answer or answered No to both questions 2 and 10, stop here, answer no further questions, and have the presiding juror sign and date this form.*

14. Was Sergeant Fontalvo negligent in handling the CH-53E at issue in this case before the accident occurred?

_____ Yes  _____ No

*If you answered Yes to question 14, answer question 15.*

*If you answered No to question 14, skip question 15 and answer question 16.*

15. Was Sergeant Fontalvo's negligence a substantial factor in causing his death?

_____ Yes  _____ No

*Regardless of your answer to question 15, answer question 16.*

16. Was the U.S. Navy negligent in maintaining or repairing the CH-53E landing gear system?

_____ Yes  _____ No

*If you answered Yes to question 16, answer question 17.*

*If you answered No to question 16, skip question 17 and answer question 18.*

17. Was the U.S. Navy's negligence a substantial factor in causing Sergeant Fontalvo's death?

_____ Yes   _____ No

*Regardless of your answer to question 17, answer question 18.*

18. Was the U.S. Marine Corps negligent in maintaining or repairing the CH-53E landing gear system?

_____ Yes   _____ No

*If you answered Yes to question 18, answer question 19.*

*If you answered No to question 18, skip question 19 and answer question 20.*

19. Was the U.S. Marine Corps' negligence a substantial factor in causing Sergeant Fontalvo's death?

_____ Yes   _____ No

*If you answered Yes to any of questions 15, 17, or 19, answer question 20.*

*If you either did not answer or answered No to all of questions 15, 17, and 19, skip question 20 and answer question 21.*

20. Was the negligent conduct discussed in question 15, 17, and/or 19 so highly extraordinary that it was not reasonably foreseeable to Sikorsky?

_____ Yes   _____ No

*If you answered Yes to question 20, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*If you answered No to question 20, answer question 21.*

6

21. Was DuPont negligent in designing or manufacturing the wiring in the CH-53E landing gear system?

_____ Yes  _____ No

*If your answer to question 21 is Yes, answer question 22.*

*If your answer to question 21 is No, skip question 22 and answer question 23.*

22. Was DuPont's negligence a substantial factor in causing Sergeant Fontalvo's death?

_____ Yes  _____ No

*If you answered Yes to any of questions 15, 17, 19, or 22, answer question 23.*

*If you either did not answer or answered No to all of questions 15, 17, 19, and 22, skip question 23 and answer question 24.*

23. To what percentage of responsibility for Sergeant Fontalvo's death do you assign Sikorsky, Sergeant Fontalvo, the U.S. Navy, the U.S. Marine Corps or DuPont? (Include percentages only for those persons whose conduct you have found, in the questions above, was a substantial factor in causing Sergeant Fontalvo's death.)

|  |  |
|---|---|
| Sikorsky | _____ % |
| Sergeant Fontalvo | _____ % |
| The U.S. Navy | _____ % |
| The U.S. Marine Corps | _____ % |
| DuPont | _____ % |
| **TOTAL** | **100 %** |

*Regardless of your answer to question 23, answer question 24.*

## **Damages**

24. What sum of money, if paid now in cash, would fairly and reasonably compensate **Dominic Fontalvo**?

Economic Damages: _____

Non-Economic Damages: _____

*Regardless of your answer to question 24, answer question 25.*

25. At the time of Sergeant Fontalvo's death, was **Tanika Fontalvo** dependent upon Sergeant Fontalvo for at least one-half of her financial support?

_____ Yes _____ No

*If you answered Yes to question 25, answer question 26.*

*If you answered No to question 25, skip question 26, and have the presiding juror sign and date this form on the following page.*

26. What sum of money, if paid now in cash, would fairly and reasonably compensate **Tanika Fontalvo**?

Economic Damages: _____

Non-Economic Damages: _____

*Regardless of your answer to question 26, have the presiding juror sign and date this form on the following page.*

8

## **Signature**

Signed: _____
            Presiding Juror

Date: _____ 5/31/18 _____

*After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.*

9